UTICA,
May, 1824.

Shipherd
v.
White.

dict was rendered upon it. The cases cited are those where no assessment of damages was had.

*Spencer*, in reply. The verdict has no relation to the breach assigned. That was for the escape. The verdict is for the detention of the debt. It is the same, then, as if no assessment of damages had been made in the cause.

*Curia.* The assignment of breaches was sufficient; but it is said the verdict does not pursue the assignment. The parties went to trial upon the breach assigned, and we cannot help seeing that the omission in the verdict to refer to the breach in assessing damages, must have arisen from a mere clerical mistake in the entry, which is amendable by the Court below. The case differs altogether from those cited. In those cases there was no attempt to assign breaches. Even on error brought, the least we could do would be to send this verdict back to be amended, or amend it ourselves.

Motion denied.

---

SHIPHERD and STORRS *against* WHITE.

CAMPBELL *against* SCHULT.

Exceptions to a judge's or court's opinion should be noted down upon the trial, or they cannot be used in a bill of exceptions. On settling the bill, notice of time and place when and where this is to be done, should be given to the defendant in error.

Otherwise the judge or court will not be compelled, by mandamus, to execute the bill. And if executed, it will be set aside.

Whenever a bill of exceptions is signed, under circumstances wherein the supreme court would not compel its execution by mandamus, it will be set aside on motion.

THESE causes had been tried in the Common Pleas of *Washington* county—the first in *December* term, 1819—the second in *August* term, 1820—and immediately removed, by writ of error, to this Court. In the first cause, the decision was so late in term that the attorney for *Shipherd & Storrs* had no time to reduce a bill of exceptions to writing, though they mentioned their exceptions on the trial; but on the intimation of one or more of the Judges, that this would be

sufficient, he drew and took the bill with him at the next term, and gave it to *White's* attorney for inspection, with a request that he would amend it, so that the draft and amendments might be submitted together. He requested time to look at his minutes, which he said he had not with him, promised to amend the bill the first opportunity, and retained it for that purpose. He was repeatedly solicited to propose amendments, which he omitted to do, and ruled the plaintiffs to assign errors while he had possession of the draft.

In neither of the causes were the exceptions reduced to writing on the trial, and both bills were finally settled and signed by three of the Judges, after they had gone out of office, and without giving any notice of the time and place of their being so settled to the attorneys of *White* and *Schult* respectively. An issue of *in nullo est erratum* having been joined, and the causes noticed for argument at this term,

*R. Weston*, moved to strike them from the calendar, or that the bill of exceptions be set aside.

*J. L. Wendell*, contra.

*Curia.* If the plaintiffs were pressed for time to assign errors, they should have obtained a Judge's order to extend it, till the bills could have been fairly settled. The defendants in error should, at least, have had notice of the time and place when and where the bills would have been submitted to the Judges for their sanction. This should always be so ; more especially at such a distance of time from the trial. We would not have compelled the Judges, by mandamus, to seal the bills, without such notice ; and when bills of exception are signed under such circumstances as would not call for our interference by mandamus, we will, on application, set them aside, as improvidently executed.(*a*) This

(*a*) When the Court will compel the Judges to sign by mandamus, vid. *Sikes* v. *Ransom*, 6 *John. Rep.* 279. *Midberry* v. *Collins*, 9 *John.* 345. *Lanuse* v. *Barker*, 10 *id.* 312. *Pratt* v. *Malcom*, 13 *id.* 320.

Jansen
v.
Tappen.

rule is applicable here upon another ground : In neither of these causes were the exceptions reduced to writing upon the trial, or during the term. (*Midberry* v. *Collins*, 9 *John.* 345.)

*D. Russell*, for the plaintiffs in error, submitted whether the Court would not refer the bills to the Judges of the Court below, for revision.

*Curia.* The plaintiffs in error were irregular in the out set. The exceptions should have been noted down upon the trial. Their remedy by bill of exceptions is gone.

*Russell.* Will not the Court allow the plaintiffs to discontinue without costs ? They have gone on in perfect good faith.

*Curia.* We see no reason for this. It was palpably irregular to proceed and settle the bills without the least notice of the time and place at which this was to have been done.

Motion granted.

---

JANSEN, administrator of JANSEN, <em>against</em> TAPPEN.

An affidavit for a reference should state that issue is joined.

E. WILLIAMS, for the defendant, moved for a reference in this cause.

*E. Cowen*, contra, objected that it did not appear from the affidavit on which the motion was founded, that issue had been joined in the cause ; and, for this reason,

Motion denied.