## AGNEW v. CAMPBELL'S ADMRS.

### In Error to Middlesex Pleas.

A bill of exceptions must be drawn up and sealed at the time of the trial; and no bill shall be afterwards sealed without the mutual consent of the attorneys; or unless settled by the judges who tried the cause, in pursuance of an agreement made at the trial, in open court, to that effect.

*Adrain* for plaintiff in error.

*Blauvelt* for defendants.

HORNBLOWER, C. J.    Upon the coming on of the argument of this cause, upon the errors assigned and the plea of *in nullo est erratum* pleaded, a preliminary question as to the validity of the bill of exceptions, was raised by the defendants' counsel. If that objection was well taken, it will be unnecessary to consider the errors assigned, or to express any opinion upon the points discussed at the bar.    The seals of the judges were not denied by the counsel; but it appears from affidavits regularly taken, and read to the court, that no bill of exceptions was prayed for at the trial of the cause; or if prayed for, that it was not settled, allowed and sealed during the term; and although, it bears date on the day of the trial, yet, that in point of fact, it was not drawn up, nor the exception reduced to writing, until months afterwards; and that the signatures and seals of the two judges by whom it was sealed, were affixed to it, more than a year after the trial, in the absence of the attorney of the adverse party; without his consent, and without any notice to him, of the time and place of settling the bill : that the judges were not together, but signed it at different times and places; and that one of them was then out of office.

The plaintiff in error insists, that this objection comes too late.    That after *in nullo est erratum* pleaded, the proceedings complained of as erroneous, are admitted to have taken place : that such a plea, is in the nature of a demurrer, and admits the facts as stated.    This is undoubtedly true, as a general proposition; but whether the bill of exceptions, upon which the errors have been assigned, is properly before the court, and to be considered as a part of the record, is another question.    A joinder in error, is not an admission of a due sealing of the bill, and

does not preclude a denial of it, by the defendant in error.    In *Shepperd et al.* v. *White,* 3 *Cowen's R.* 32, after, *in nullo est erratum,* pleaded, and the cause set down for argument, the court struck out the bill of exceptions.    In *Law* v. *Jackson,* 8 *Cowen,* 746, the court of errors, after assignment of errors, issue and argument, discovered that the bill had been signed and sealed by a wrong judge, and refused to decide the cause; and sent back the bill to be properly settled and signed.

2.  It is insisted that the bill appearing upon the face of it to be all right, and to have been sealed at the trial, this court cannot inquire into its history, for the purpose of impeaching its fairness or regularity. .

It is true, if the judges should be sent for, to come into court, and confess their seals, no other question could be put to them, than to ask them if the seals to this bill, were their seals respectively.

But it does not follow that this court may not receive information from other sources, to show that the bill has been surreptitiously or unfairly obtained.  If the bill has been regularly prayed for, allowed, settled and sealed, we cannot inquire into the correctness of the facts stated in it.  That however is another matter.

If the bill has been filed in the court below, and returned here upon the writ of error, as a part of the record under the seal of the court to which the writ was directed, it would then be itself a record, and could not perhaps, be gainsayed in this court.  But when, as in this case, the bill is brought into this court, as a loose paper, after the writ of error with the record below, has been returned, it constitutes no part of the record, until the judges by whom it was sealed, come here and confess their seals.  It is then to be attached to the record, and constitutes a part of it. 1 *Archb. pr.* 187 ; *Tidd's pr.* 776 : 3 *Burr.* 1692.    This has not been done.    The defendant denies the bill, and objects to its being received as a part of the record ; and in my opinion, we have a right to inquire whether it has been regularly obtained ; or in other words, whether the paper now produced, is a bill of exceptions, in this cause.

The Supreme Court of New York, in the case before cited, of *Sheppard et al.* v. *White,* 3 *Cowen,* 32, rejected the bill, under

circumstances much more favorable to the plaintiff in error, than exist in this case. The cause had been tried so late in term, that there was not time to reduce the exceptions to writing, and on an intimation from a member of the court, that the bill having been prayed for, it might be drawn up at any time, the attorney for the plaintiff in error, drew it up in vacation; and at the next term, gave it to the defendant's attorney, for inspection. He took the bill, and requested time to examine it, and prepare amendments. He was repeatedly afterwards requested to return the bill, but he neglected to do so; and in the mean time, ruled the plaintiff to assign errors, which was done: yet the court refused to receive the bill, because it had been finally settled by three judges, after they were out of office, and without any notice of the time and place of settling the bill; and they said, the *exceptions* ought to have been reduced to writing, *upon the trial*, or *during the term;* and because that had not been done, the court refused to refer the bill back to be resettled by the court below, or even to permit the plaintiff in error, to discontinue without costs.

In *Clark* v. *Dutcher*, 19 *John's*. 246, the bill had been presented to the judges of the common pleas, individually, out of court, and was sealed by them separately at different times. The court, on motion, quashed the bill, and said that though a bill of exceptions, may be signed after trial, or after the court has adjourned, it must be done on notice of the time and place of doing so.

In *Marsh* v. *Rulisson*, 7 *Cowen*, 102, exceptions were taken at the trial: the bill was afterwards drawn and served on the opposite attorney, who proposed amendments. In vacation, the bill and amendments were transmitted to the judge who had taken notes on the trial, and was corrected by him. At the next term, it was delivered to the court, who examined, signed and sealed it, but no notice of the time and place of settling the bill having been given, it was rejected.

The objection to this bill, on the ground of its having been unduly and irregularly obtained, presents an important question for the court; and we must be careful that we do not by our decision, set a precedent, that will lead to a loose and careless practice in regard to the time and manner of settling and sealing

bills of exception. There is great danger of doing injustice and overturning righteous judgments, in the practice of settling exceptions, months after the trial, and when the facts of the case, have faded from the memory of court and counsel.

The statute of *Westminster*, 2*d*, 13 *Ed.* 1 *c.* 32, to be found in 1 *Bac. Abr. Tit. Bills of Exceptions*, appoints no time within which the bill must be drawn up and signed, yet it was held in *Wright* v. *Sharp*, 1 *Salk.* 288, that the *exception*, must be taken, and the *substance* of it, reduced to writing, *at the trial.* In *Pocklington* v. *Hatton*, 8 *Mod.* 222, Pratt, C. J. said, it had been resolved in Lord Hale's time, that a judge was not bound to sign a bill, unless offered at the trial, and drawn up, according to the minutes then taken. And see *Garder* v. *Baillie*, 1 *Boss. & Pull.* 32.

In *Dillon* v. *Doe*, 1 *Bing. R.* 17, the court held that the plaintiff in error, had waived his bill of exceptions, by suing out his writ of error, before the bill was signed, and refused a rule to show cause, why defendant should not be compelled to settle the bill, and why it should not be appended to the writ of error.

The statute of New York is like that of Westminster 2 ; and the supreme court of that state have made similar decisions, *Pratt* v. *Malcom*, 13 *John's*, 320.

But there is a marked difference between our statute, *Revised Laws*, 293 ; *Elm. Dig.* 421, and the statute of Westminster. By the latter, it is sufficient if only one of the Judges at the trial, sign the bill ; and no time is appointed for doing it : but by our statute, the bill must be signed by all the judges, *or the greater part of them*, and it is to be done at the trial. Its language is : " if he who alleged the exception, *instantly*" (a word not used in the statute of Westminster) " write the same, and require the justice or justices to put thereto his or their seals, such justice or justices, or *the greater part* of them *present*, shall do so."

The word "present" manifestly means, present at the trial : for the exception is to be " instantly" written down, and the justices " present," are to put to, their seals.

Our statute then, evidently calls for a different construction from that given to the statute of Westminster ; and one which if strictly adhered to, by the court and bar, would prevent much difficulty that grows out of the practice, of leaving bills to be

settled in vacation, without any definite understanding of the parties. I am aware of the delay of the trial and the business of the court, by stopping to prepare a bill in the midst of the cause, or the hurry of the term ; and I do not mean to say, that a bill of exceptions shall never be received and acted upon, unless it has been drawn up and sealed at the trial ; but, that if not so done, the attorneys must rely on their agreements with each other ; and that no bill shall afterwards be sealed, without their mutual consent ; or, unless settled by the judges who tried the cause, in pursuance of an agreement of the parties, made at the trial, in open court, to that effect.

This bill, if my recollection serves me, is not sealed by the greater part of the judges present at the trial : and if so, under our statute, it is clearly bad for that reason. But however, that may be, for the reasons before mentioned, it must be quashed : and no error appearing on the record, the judgment must be affirmed with costs.

FORD and WHITE, justices concurred.

DAYTON, J. Upon the trial of this case before the Middlesex Pleas, in the term of December, 1835, it would appear by the paper sent up, that sundry bills of exception were allowed, upon the return of the writ of error, the plaintiff by his attorney, Wm. H. Disborough, since dec'd. assigned errors in the usual form, and the defendant in this court filed a joinder.

Upon the argument at the last term, the defendant by his counsel raised a preliminary question, the object of which was, to dismiss the bill of exceptions. It was alleged in the first place, that the paper purporting to be a bill of exceptions, could not be so considered, as it was a loose paper and had never been connected with the record. And in the second place, he read the affidavits of the judges by whom it purports to have been signed and sealed, showing the same to have been improvidently executed.

These affidavits (which were taken on notice, and in the presence of Mr. Disborough the attorney who brought the writ of error) show in substance the following facts, to wit : that the bill of exceptions which is now before us, was signed and sealed by the Judges severally, at different times and places, more than

a year after the trial, out of court without notice to the attorney of the defendant in error, and in his absence. That at the time of so signing and sealing said bill of exceptions, one of the Judges was out of commission, and both had forgotten what occurred upon the trial; though one of them testifies clearly, that no bill of exceptions was either prayed or allowed. They swear that they were induced to sign and seal it, by the representations of the attorney that there was no difficulty about it, that the facts were agreed upon and it was mere matter of form. This evidence shows a case which demands that this court promptly set aside the bill of exceptions as improvidently executed, unless the defendant in error has pursued an incorrect course of practice, or waived his objections, by his joinder in error.

I. It is insisted on the part of the plaintiff in error, that the defendant cannot avail himself of his objections in this way ;— that *before his joinder* in error, he should have brought the Judges who executed the bill of exceptions, before this court *to confess or deny their seals.*

In this, I apprehend, the plaintiff's counsel has wholly mistaken the practice. It is yet within the power of this court to grant the relief asked. By statute, *Rev. L.* 293, it is required of the higher court, if it do not find the exception in the record, but the plaintiff show the exception written and sealed as aforesaid, that " the said Justice or Justices shall be commanded to appear at a certain day, either to confess or deny his or their seals; and if such Justice or Justices cannot deny his or their seals, the said higher court shall proceed to judgment according to the same exception, as it ought to be allowed or disallowed." This statute takes the place of the statute *Westm.* 2, (13 *Edw.* 1.) *ch.* 13, for the practice under which, see *Tidd's P.* 313, 1 *Arch. P.* 211 ; *Bul. N. P.* 315. The statute is intended to give a rule of practice in certain cases, for the plaintiff in error ; not for the defendant, as will be seen by the authorities cited.

The plaintiff upon the return of the writ, if the exception do not appear in the record, is to bring the Justices into court, to confess or deny their seals, and it is only when they cannot deny their seals, that this court is authorized by statute to proceed to judgment. In *Clark* v. *Russell,* 3 *Dall.* 419, note, after a regular assignment of errors, and joinder, and as the case was about

to be argued, it was suggested by counsel, that it was necessary to call upon the Judge who tried the case, to confess or deny his seal. *Sed.* Ellsworth, Ch. J. " The bill of exceptions is part of the record and comes up with it; for that reason, the acknowledgment of the Judge's seal is unnecessary, but if the bill of exceptions had not been tacked to the record, such an acknowledgment might have been proper." This is the very case before the court; there is no valid exception found in the record—the bill of exceptions is a loose paper (executed in violation of every legal principle) not now attached or tacked to the record, and never has been; if therefore there can be a case which, under the statute, requires the plaintiff in error to bring the Justices into court, to acknowledge their seals, before we proceed to judgment, this is one. There is nothing here extraneous to the bill, to verify its authenticity.

That the statute intends merely to prescribe the practice to be adopted on the part of the plaintiff in error, under certain circumstances, and not a rule for the defendant, is evident not from the language of the act only and the books of practice cited, but from the nature of the thing. The defendant in error does not and cannot deny, in this case, that the seals to the bill of exceptions are the seals of the several Judges who signed the same.— And yet upon those judges coming into this court to confess or deny their seals, but a single question can be asked, " *Is this your seal or not, put to this bill of exceptions ?*" Nothing beyond it— 3 *Burr.* 1692 ; *Croswell* v. *Byrnes*, 9 *John. R.* 288, *N.* In the case last cited, the counsel was about to put an additional question, but was promptly stopped by the court. It is evident therefore, if the defendant in error be limited to this mode of sustaining his objection, he is without remedy ; and it matters not, if a party once succeed in getting his bill sealed, whether it be done legally or illegally, it is not only conclusive as to the truth of the facts contained in it, but it is not even permissible to show when or where it was signed and sealed, whether by mistake, misapprehension, through improper, or even fraudulent misrepresentations. This cannot be the law—it would be a wrong, without a remedy.

II. It has been insisted that the defendant is now too late with his objection ; that having joined in error, he has put himself up-

on the law of his case.   Admitting, however, the general truth of this legal principle, and the authorities cited to support it, he still does not escape the difficulty.   The statute prescribes when in a case like the present, this court may proceed to judgment. In the case found in *3d Dall*, there was likewise an issue *"in nullo est erratum."*   So too in the cases of *Shepherd and Storrs* v. *White; and Campbell* v. *Schult*, 3 *Cow.* 32.   The bill of exceptions had been finally settled and signed by three of the Judges after they had gone out of office, and without notice to the opposite attorney.   The plaintiff in error assigned his errors and the defendant filed his joinder, *" in nullo est erratum,"* and the causes were noticed for argument.   At the term for which they were noticed, the defendant's counsel moved to strike them from the calendar, or that the bill of exceptions be set aside.   The court say, " we would not have compelled the Judges by mandamus to seal the bills, without such notice; and when bills of exception are signed under such circumstances as would not call for our interference by mandamus, we will on application set them aside as improvidently executed."   And these bills of exception were set aside accordingly.   This is a case in point, the higher court looked into the circumstances and set aside the bills of exception, as improvidently executed, even after joinder in error. *Vide,* also, *Sikes* v. *Ransom*, 6 *J. R.* 279; *Midberry* v. *Collins*, 9 *J. R.* 345; *Lanuse* v. *Barker*, 10 *Id*. 312; *Pratt* v. *Malcome*, 13 *Id*. 320.   But I do not consider that the circumstances of the present case require that this court go the full length of the above cases.   The plaintiff in error is not in a situation to enforce strict practice against the defendant, he is himself first in laches in not calling the Judges into this court, to confess or deny their seals.   This practice has become almost obsolete in this court, because either by universal practice, the bill comes up certified with the record, or it has been taken for granted that it is so, and counsel by their silence have waived their objections.   But the statute is still in force, and although in ordinary cases, I would not now consent that its requisitions be enforced, to the surprise and detriment of the plaintiff in error, yet it is proper that its provisions be considered here, if operating against the plaintiff in error, in as much as he has relied upon a practice growing out of that statute, to conclude the defendant.   That it may under

any circumstances be necessary in this state, to bring the Judges into court, to confess or deny their seals, will occur to most persons as a novelty in our practice; perhaps it is so, but the novelty grows out of the statute, and the fact that the exceptions are not found in the record, together with the loose and unusual mode of bringing them into this court. In ordinary practice, unless the entire record is incorporated into the bill of exceptions, as in *Bull, N. P.* 317, the bill of exceptions is tacked to, and made a part of the record, and comes up with it. If counsel prepare their bills a year after the trial, referring merely in the usual brief form, to the suit, without notice to the opposite attorney, have them signed by one Judge at a tavern, and by another at his office, upon representations that it is matter of form merely, and then keep them in their pockets until as separate and loose papers they reach the files of this court, in such cases, I submit that the novelty to be complained of, is rather in the practice of counsel than in the law of the court. The bill of exceptions must be dismissed.

NEVIUS, J., gave no opinion, having been of counsel.

*Bill of Exceptions dismissed.*