State v. Holmes.

THE STATE v. HOLMES.

1. Regularly a bill of exceptions should be drawn up and sealed during the trial. The practice has been for the judge on the exception being taken and a minute thereof made, to grant time for the preparation of a formal bill of exceptions, and if the bill be presented within a reasonable time, to affix his seal to it: when this is done it relates back as if the bill was sealed at the trial.
2. The fifteenth section of the act respecting writs of error (*Nix. Dig.* 289,)* applies to criminal cases. A writ of error in a criminal case must be sued out within three years after judgment pronounced.

On case referred by Somerset Oyer.

Argued at November Term, 1872, before Justices DAL-RIMPLE, DEPUE and VAN SYCKEL.

For the state, *J. V. Voorhees.*

For the defendant, *J. E. Carey.*

The opinion of the court was delivered by

DEPUE, J. The defendant was indicted by the grand jury of Somerset county for larceny, and on a traverse of the indictment was convicted. The trial was had before the Court of Oyer and Terminer at the term of April, 1867. Judgment

* *Rev., p.* 373, ? 2.

State v. Holmes.

was pronounced upon the conviction at the same term by the imposition of a fine, which was immediately paid by the defendant. Exceptions were taken to the charge of the court and a bill of exceptions prepared, which was not presented to the court for signature until the term of May, 1872. The court refused to sign the bill of exceptions because of the great delay, and referred the matter to this court for its advisory opinion as to whether the bill of exceptions should be now signed.

By the statute of *Westminster II,* which first gave bills of exception, no time was appointed when the justices should affix their seals to the bill of exceptions. Under this statute the practice was to require the substance of the exception to be reduced to writing, and presented to the court immediately on the exception being taken, although it might subsequently be drawn up in form. *Wright* v. *Sharpe,* 1 *Salk.* 288 ; *S. C.,* 11 *Mod.* 175 ; *Pocklington* v. *Hatton,* 8 *Mod.* 220 ; *Gardner* v. *Baillie,* 1 *B. & P.* 32.

In Wright *v.* Sharpe, as reported in 11 *Mod.,* Holt, C. J., is reported as saying that if the party " have thoughts of tendering a bill of exceptions, minutes must be taken of it at the trial, and there is no need that it should be put into form. . . He also said that when the minute is put in writing at the trial, it should be left with an officer of the court." Powell, J., said that " *scribat exceptionem,* in the statute, must be understood to be done at the trial." The inconvenience of a different practice is forcibly pointed out by the Chief Justice in the case last cited. He says, " suppose after the trial is over some time the counsel come and tender a bill of exceptions to the judge, it may be he has forgot the thing insisted upon at the trial ; the counsel says he remembers it, and so the counsel's memory shall arraign the judge."

The act in force in this state is more explicit than the statute of *Westminster II.* It expressly provides, " that when any person impleaded, &c., shall allege an exception, praying that the justice or justices will allow it, if he who alleged the exception instantly writes the same, and requires that the

justice or justices will put his or their seal or seals in testimony thereof, such justice or justices, or the greater part of them present, shall do so." *Nix. Dig.* 748.*

The mode of enforcing compliance with the statute is by *mandamus,* or by mandatory writ out of chancery. *Sikes* v. *Ransom,* 6 *Johns.* 279. Regularly the bill of exceptions should be presented for signature during the term at which the trial is had. If presented at a subsequent term, the party is without remedy if the judge shall refuse to sign it. *Sikes* v. *Ransom, supra; Midberry* v. *Collins,* 9 *Johns.* 345.

In *Agnew* v. *Campbell's Adm'r,* 2 *Harr.* 291, it was held by this court that a bill of exceptions must be drawn up and sealed at the trial, and that no bill of exceptions shall be afterwards sealed without the mutual consent of the attorneys, or unless settled by the judges who tried the cause in pursuance of an agreement made at the time in open court to that effect. This decision was examined and approved by the same court in the subsequent case of *Wilson* v. *Moore,* 4 *Harr.* 186.

In the Donnelly case, Chief Justice Green expresses himself in favor of the stringent rule of requiring the bills of exceptions to be prepared and sealed immediately during the progress of the trial, holding that the court below might properly refuse to sign, and the court of error would be justified in treating as nugatory bills of exception prepared after the trial. *State* v. *Donnelly,* 2 *Dutcher* 465. The practice has been for the judge, on the exception being taken and a minute thereof made, to grant counsel time for the preparation of a formal bill of exceptions, and if the bill be presented within a reasonable time to affix his seal to it. When this is done it has a retrospect, and shall relate back as if it was done at the time. *Wright* v. *Sharpe,* 11 *Mod.* 175. But the court in error, upon proof that the bill of exceptions has been improperly or irregularly signed, may dismiss the same from the record. *Agnew* v. *Campbell, supra; Shipherd* v. *White,* 3 *Cow.* 32.

In the present case, the Court of Oyer and Terminer properly exercised its discretion in refusing to seal the bill of

* *Rev.,* p. 886, § 242.

exceptions. It was not presented within a reasonable time. The judgment of the court was satisfied immediately on its being pronounced, and has been acquiesced in for five years. It is alleged that that acquiescence has been occasioned by the negligent or fraudulent conduct of the defendant's attorney, who was entrusted with the preparation of the bill of exceptions. Even though that be so, the defendant is without relief in this proceeding. The prosecutor of the pleas, by whom the indictment was tried, has gone out of office. If the judgment should on error be reversed, the witnesses on the former trial could not probably be produced, or if produced, naturally would be unable to recall the circumstances attending the commission of the alleged offence. It was not even known on the argument here whether all the judges before whom the trial was had were still in commission. Under these circumstances, if the bill of exceptions should be sealed, the court in error would doubtless expunge the bill of exceptions from the record as improvidently signed.

We have not referred to the fact that no writ of error has yet been sued out. It was argued here that a writ of error might be sued out notwithstanding the lapse of time since judgment pronounced. It was insisted that the fifteenth section of the act respecting writs of error (*Nix. Dig.* 289,)[*] did not apply to writs of error in criminal cases, and that therefore there is no limitation of the time within which the writ may issue in a criminal case. In this construction we do not concur. The section in question was originally the ninth section of a supplement to the act to regulate the practice of the courts of law, which supplement was passed on the 28th of February, 1820. *R. L.* 691. As the section stood in that act, it provided that no writ of error from any court of common law should be brought or allowed on any judgment that should have been or thereafter might be entered or obtained, unless the same shall be had or done within three years after the judgment rendered ; *provided, &c.* In the revision of 1846, the words " from any court of common law," were omitted, and the section as amended was trans-

---

[*] *Rev., p.* 373 § 2.

ferred from the practice act to the act entitled, "An act to regulate writs of error." *R. S.* 980. That this latter act extends to all causes, whether civil or criminal, unless otherwise specified, is made apparent by the fact that by the thirteenth section, certain specified sections of the act were declared not to extend to indictments. As the section in question now stands, its office is to limit the time of suing out writs of error in criminal as well as in civil cases.

The Court of Oyer and Terminer is advised not to seal the bill of exceptions.