## COOK et al., Appellants, v. PENROD, Respondent.

**St. Louis Court of Appeals, February 21, 1905.**

1. **IMPEACHING RECORD: Oral Testimony: Presumption.** The records of proceedings of a court of record are conclusively presumed to have been correctly made and are not open to attack by oral testimony.

2. **JURISDICTION: Adjournments.** Under section 1604 of the Revised Statutes of 1899, a circuit judge has no authority to adjourn a regular session over to a future day, when he is unable to attend, except where he gives notice to the sheriff before the first day of the *regular* term and the sheriff makes such adjournment in pursuance of said section.

3. ———: ———: **Void Order.** Where the sheriff at an *adjourned* term of the circuit court, in pursuance of an order by the judge of the court made during vacation on account of the judge's inability to attend the adjourned term, adjourned court by proclamation to another date, the order of adjournment was void and all proceedings of the court pursuant to such attempted adjournment were void.

4. **UNLAWFUL DETAINER: Notice to Quit: Disclaimer by Tenant of Landlord's Title.** Where a tenant, when sued for possession in an action of unlawful detainer, disclaimed title in plaintiff and asserted title under a void contract of purchase, he was not entitled to notice to quit under section 4109, Revised Statutes of 1899.

Appeal from Stoddard Circuit Court.—*Hon. R. L. Wilson*, Judge.

REVERSED AND REMANDED.

*H. H. Larimore* for appellant.

(1)   The action of the trial court in sustaining motion of defendant to expunge and hold for naught the records of the circuit court, at a subsequent term to which said records were entered, was a serious error. Weber v. Schmeisser, 7 Mo. 600; Lattrielle v. Dorlique, 35 Mo. 233; Johnson v. Kerhoff, 35 Mo. 291.   (2)   Irregularities for which a judgment may be set aside within three years after its rendition, are irregularities that must be apparent on the face of the record.   Phillips v. Evans, 64 Mo. 17; Rankins v. Lawton, 17 Mo. App. 574; Hirsh v. Weisberger, 44 Mo. App. 506.   (3) A motion made under section 795, Revised Statutes 1899 is not an independent proceeding, but must form a part of the original suit.   Halsey v. Meinrath, 55 Mo. App. 335.   (4)   It is elementary principle of law that it is never permissible to introduce parol or other extrinsic evidence to vary or contradict a judicial record. Atwood v. Atwood, 55 Mo. App. 370; West v. Moser, 49 Mo. App. 201; Sweet v. Maupin, 65 Mo. 65; Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052; Long v. Long, 141 Mo. 352, 44 S. W. 341.   (5)   It is well-settled law in this State that a judicial record can only be attacked by recitals in another portion of the same record.   Jester v. Spurgeon, 27 Mo. App. 477; Cloud v. Pierce City, 86 Mo. 357; Hyde v. Curling, 10 Mo. 359; Gibson v. Chouteau Heirs, 45 Mo. 171.   (6)   Plaintiffs' motion to dismiss the appeal of defendant from the judgment of the justice, because circuit court being in session when the same was taken, and more than six days having elapsed before the papers were deposited in the clerk's office, should have been sustained.   Hadley v. Bernero, 97 Mo. App. 314, 71 S. W. 451; Warner v. Donahué, 99 Mo. App. 37, 72 S. W. 492; R. S. 1899, sec. 3370.   (7) Upon the admitted facts the trial court should have rendered judgment for the plaintiffs on the merits of the

case. Defendant entered into written contract of rental of premises for one year. Hence no notice to quit was necessary. R. S. 1899, sec. 4111; 42 Mo. 285; 61 Mo. 257.

*Andrew W. Hunt* for respondent.

(1) William F. Bolin, justice of the peace, because his notice of the day of trial was fatally defective, never acquired jurisdiction of these proceedings. R. S. 1899, sec. 3974; Reinhart v. Varney, 72 Mo. App. 646; Brandenburg v. Easley, 78 Mo. 659. (2) On appeal from a justice the jurisdiction of the circuit court is derivative and if the justice had no jurisdiction, the circuit court acquires none. Brownfield v. Thompson, 96 Mo. App. 340, 70 S. W. 378; Bank v. Doak, 75 Mo. App. 332; Olin v. Zeigler, 46 Mo. App. 193; Corrigan v. Morris, 43 Mo. App. 456. (3) After May 19, 1901, there existed no relation of landlord and tenant between Mrs. Cook and Penrod, even if such relation had formerly existed, because, on that day Cook, the husband, contracted to convey the tract of land formerly the subject of lease, to Penrod. Min. Co. v. Fairbanks, 179 Mo. 564, 78 S. W. 785.

### STATEMENT.

The suit was to recover possession of premises described in the complaint which were alleged to be unlawfully detained by the defendant. It was commenced before S. P. Jeffers, a justice of the peace of Stoddard county. On application of defendant the venue was changed to W. F. Bolen, another justice, who, on January 26, 1904, gave judgment for the plaintiffs. On February 3, 1904, defendant filed his affidavit for an appeal before the justice. The appeal was granted and on February 8, 1904, the transcript was filed in the office of the clerk of the Stoddard Circuit Court. At the fol-

lowing March term, to-wit, on January 2, 1904, Hon.
J. L. Fort, judge of the court, disqualified himself to
preside at the trial of the cause and Hon. Robt. L. Wilson was agreed upon by the parties as special judge to
hear the cause.   He duly qualified as such special judge
and presided at the trial.   On the same day the following motions were filed:

"Now comes William R. Penrod, movant, ex parte,
and moves this court to vacate, annul, and hold for
naught a certain order of adjournment, entered and recorded by its clerk on or about January 23, 1904, appointing another adjourned term of this court for February 6, 1904, hereinafter set forth; and for reasons for
this motion respectfully states as follows, to-wit: That
on or about January 23, 1904, irregularly, improvidently, erroneously, illegally and without authority so
to do, Thos. H. Ezzell, clerk of this court, entered an
order upon the minute book of this court, which order
is in words and figures as follows, to-wit:   State of Missouri, county of Stoddard, ss.   In the circuit court, September term, 1903.   Now, on this January 23, 1904, the
court met pursuant to an order as follows, to-wit: Pursuant to an order of the judge of the circuit court, directed to the sheriff, that the said judge was not able
to attend the adjourned term of this court on the
twenty-third day of January, 1904, the said sheriff did,
on the twenty-third day of January by proclamation at
the courthouse door, and pursuant to said order of said
judge, adjourn this court until the sixth day of February, 1904.   That, January 26, 1904, in an action of unlawful detainer to recover possession of the east 1-2 of
the northwest 1-4 of section 21, township 25, range 12
east, in Stoddard county, Missouri, before William F.
Bolen, a justice of the peace of Elk township, said
county, Laura Cook and James M. Cook, as plaintiffs,
recovered judgment against William R. Penrod, as defendant, for restitution of said premises, damages, etc.
That, February 2, 1904, William R. Penrod, your mov-

ant, duly appealed said action into this court, where it is still pending and undetermined. That, March 7, 1904, said plaintiffs filed their motion into this court to dismiss said appeal because it was not perfected within six days of the date of the rendition of said judgment and alleging that February 2, 1904, when said appeal was perfected, as also January 26, 1904, the date of said judgment this court was in session of its September, 1903, term; and for these reasons it has become material to this movant to show unto this court that its order of January 23, 1904, above set forth, was void or voidable, ineffective to continue said September, 1903, term, from January 23, 1904, to February 6, 1904, and because of which invalidity, this court was, by operation of law, January 25, 1904, duly adjourned to court in course, beginning March 7, 1904, by reason of which this court was not in term, but in vacation, January 26, 1904, the date of which said judgment was rendered as aforesaid. That said motion to dismiss said appeal is still pending and undetermined in this court. That it is not true that said clerk entered said order of adjournment in the records of this court January 23, 1904, as stated therein, the truth being that he entered it of record four days thereafter, or January 27, 1904. That it is not true that George A. Crain, then and now sheriff of said county, or any person pretending to act for him as such sheriff, or otherwise, January 23, 1904, or at any other time in January, 1904, at the courthouse door or other place, made proclamation or other announcement that by order of Hon. J. L. Fort, presiding judge of this court, or other authority, by letter or otherwise, adjourned this court from January 23, 1904, to February 6, 1904, or that January 23, 1904, this court was, in any manner or by any means adjourned to February 6, 1904. That movant, until March 12, 1904, had no knowledge of the existence of said order of adjournment. That had said sheriff, January 23, 1904, at said courthouse door, proclaimed an adjournment of this court from

January 23, 1904, to February 6, 1904, movant would have known of the fact and would have perfected his appeal within six days provided by law under such circumstances. That, in point of fact, after November 28, 1903, down to March 7, 1904, said presiding judge has held no court in said county, nor has any business been transacted in this court. That movant has a just and meritorious defense to said action of unlawful detainer which cannot be made available to him, unless said order of January 23, 1904, be vacated. That, in fact, this was in vacation from January 25, 1904, to March 7, 1904. That movant has filed with and attached to this motion the following instruments of writing, to-wit: A certified copy of all adjournments of this court from September 14, 1903, to March 7, 1904, marked exhibit 'A,' the affidavit in this behalf of Thomas Ezzell, clerk of this court, marked exhibit 'B,' and the affidavit of George A. Crain, sheriff of said county, marked exhibit 'C,' and all of which are hereby referred to as parts of this motion and in support thereof; and that movant is informed and believes it to be true, that none of the officers who participated in the making of said order of January 23, 1904, acted from any improper or intentional wrong motive, that such order was legal and for public good. Wherefore movant prays this court to vacate said order of January 23, 1904, adjourning or attempting to adjourn this court to February 6, 1904; and for all other further and proper relief in premises."

"Now come plaintiffs in the above-entitled cause being now the respondents herein and move the court to dismiss the defendant's appeal, for the following reasons: Because said cause being a cause of action originating before a justice of the peace and having been tried under the unlawful detainer act before the justice of the peace from whom the appeal was taken and judgment rendered therein during the term of this court, as shown by the transcript filed in said cause and by records of this court. And the appeal taken by the defend-

ant, not having been taken and the transcript returned to this court within six days after date of the judgment appealed from, this court acquired and has no jurisdiction in said cause of action."

In support of the motion to vacate record entries of the court, Penrod read the following affidavits:

"This day personally appears before me George A. Crain who, being by me first duly sworn according to law, states as follows, to-wit: 'I am now and have been for several years last past sheriff of Stoddard county, Missouri. I did not nor any person for me, January 23, 1904, at the courthouse door of said county nor at any other place, make proclamation that the circuit court of said county was adjourned from January 23, 1904, to February 6, 1904, nor did any person request me so to do.                    GEORGE A. CRAIN, Sheriff.

"Subscribed and sworn to before me April 15, 1904. My term expires February 18, 1907.

                    "K. C. SPENCE, Notary Public."

"This day personally appeared before me, the undersigned, clerk of the circuit court of Stoddard county, Thos. H. Ezzell, who being by me duly sworn according to law, upon his oath states as follows: 'I am now and have been for several years last past clerk of the circuit court of said Stoddard county. During the month of either November or December, 1903, J. L. Fort, presiding judge of said circuit court, delivered to me a written form of the entry of adjournment of said court, referred to in the motion of Wm. R. Penrod, to which this affidavit is attached as the order of adjournment of said court from January 23, 1904, to February 6, 1904, and either orally or in writing requested me to enter it of record in said court at intervals of two weeks until the ensuing March, 1904, term of the court, which I accordingly did. I did not request sheriff of said county or other person to make proclamation of adjournment.'
                    "T. H. EZZELL, Clerk.

"Subscribed and sworn to before me this fifteenth day of April, 1904.     J. N. PUNCH, County Clerk."

Defendant also offered the following oral evidence in support of the motion:

T. H. Ezzell, on part of the defendant, being sworn, testifies as follows:

"I am now and have been for several years last past clerk of the Stoddard County Circuit Court. Some time in November or December, 1903, Judge J. L. Fort gave me a written form of adjournment to enter upon the records every two weeks until the ensuing March term, 1904.   I did not request the sheriff or any other person to make proclamation of adjournment."

Plaintiffs objected to the introduction of the affidavits and the hearing of the oral evidence for the reason the records of the court could not be impeached by this character of evidence.   The objection was overruled and an exception saved.   The court sustained the motion and found that the Stoddard Circuit Court adjourned on January 26, 1904, until the seventh day of March following and that the court was in vacation between said dates.   Plaintiffs, to sustain the motion to dismiss the appeal, offered and read in evidence the records of the Stoddard Circuit Court showing that it convened on September 14, 1903, in regular session and was in session from day to day until Saturday, October 3, 1903, when it adjourned until November 14, 1903; that on November fourteen the court met pursuant to adjournment and on the same day adjourned until November twenty-eighth; that on November twenty-eighth the following order was entered of record:

"Pursuant to an order of the judge of this court directed to the sheriff stating that said judge was not able to attend the adjourned term of the court on the twenty-eighth day of November, 1903, the sheriff did on this twenty-eighth day of November, 1903, by proclamation at the courthouse door and pursuant to the order of said judge, adjourn this court until the twelfth day

of December, 1903. The sheriff did on this the twelfth day of December, 1903, by proclamation at the court-house door and pursuant to the order of said judge, adjourn this court until the twenty-sixth day of December, 1903."

And on the twenty-sixth day of December and every fourteen days thereafter a like order, except as to date, was entered of record showing successive adjournments of the court until the regular March term, 1904, so, as shown by the records, the court was kept open continuously from the regular September term, 1903, until the regular March term, 1904. In opposition to the motion defendant read in evidence the finding and judgment of the court setting aside and vacating all the orders of adjournment from January twenty-sixth to March 7, 1904. Plaintiffs objected to the introduction of this order or judgment on the ground that the court was without power to make it. Plaintiffs' motion to dismiss the appeal was overruled. The cause was then heard on its merits by the court sitting as a jury who found the issues for the defendant. Plaintiffs appealed.

BLAND, P. J. (after stating the facts).—1. It is elementary law that the records and proceedings of a court of record are not open to attack by oral testimony as they are conclusively presumed to have been correctly made. [1 Greenleaf on Evidence, section 19.] If this was not the law, there would be no end to inquiry and nothing would be finally settled in a court of justice however often it might be solemnly adjudicated, therefore, plaintiffs' objection to the evidence offered to impeach the records showing the various adjournments of the Stoddard Circuit Court should have been sustained. But where the record impeaches itself, that is, where it shows on its face that the court had no jurisdiction to make it or that there was no court in session when the record was made and it could not be made by the judge in vacation, it should be treated as a nullity. It seems

to me that the order of adjournment made on November 28, 1903, as spread upon the records of the court, and all the subsequent orders of adjournment keeping the court open until March 7, 1904, were made without authority of law and were wholly ineffectual for the purpose of keeping the Stoddard Circuit Court continuously in session. The law fixes the times when regular sessions of the circuit court shall be held in the various counties of the State. These courts cannot be lawfully held at any other time except where they are adjourned over from a regular term or called specially in session by the judge of the court under the provisions of some statute. Section 1605, R. S. 1899, provides that an adjourned session of the circuit court may be held in continuation of the regular session, "when so ordered by the court in term time." An order made in vacation is not an order of the court as there can be no such thing as a constructive session of a circuit court or a constructive presence of a judge of a circuit court at any term thereof. No authority is given to a judge of a circuit court to adjourn a regular session over to a future day except when he is unable to attend and where he gives notice to the sheriff as provided by section 1604, R. S. 1899. This section provides:

"If, at any time after the commencement of a term, it happens that the court shall not be held according to its adjournment, it shall stand adjourned from day to day, until the evening of the third day; or if the judge of any court having but one judge cannot attend any regular term, he may notify the sheriff of the county in which such court should have been held, previous to the first day of such term; and it shall be the duty of such sheriff, by proclamation, at the courthouse door, to adjourn such court to the next regular term, or to such special or adjourned term as the judge shall direct."

The order of November twenty-eighth to adjourn court to December twelfth and all the subsequent orders adjourning the court from time to time until March 7,

1904, were attempted to be made in pursuance of the foregoing section, but the section confers no such power on the judge. The only authority he has under that section to adjourn the court is to give notice to the sheriff, "before the first day of the regular term," to adjourn the court over to the next regular term or to some future day. This is the limit of his power to adjourn a court when it is not actually in session and he present to make the order. When in session the judge may, by proper order of the court, adjourn the term to such time as he sees proper, and on the day fixed for the adjourned term he may appear, have the court opened by proclamation of the sheriff and then in open court adjourn it over to some future day and may repeat this process as often as is advisable; but such orders cannot be made in vacation of court. The record shows that the regular September term of the Stoddard Circuit Court duly convened on the first day thereof and continued in session from day to day until October third, when it was adjourned until October twenty-second; that it again met on October twenty-second and continued in session from day to day until October thirty-first when, by proper order of the court, it adjourned until November fourteenth; that on November fourteenth, pursuant to the adjournment, the court again met in session and was duly adjourned over until November twenty-eighth; that it did not meet thereafter but was adjourned on ineffectual and void orders given by the judge to the sheriff when the court was not in session. We hold, therefore, that the court was not in session after November 28, 1903, until it convened in regular session March 7, 1904, and that the orders of adjournment made on November 28, 1903, and all like subsequent orders impeach themselves and show on their face that they are absolutely void. It follows that the appeal from the judgment of the justice was not taken during a term of the Stoddard Circuit Court, therefore, the learned special judge did not err in overruling plaintiffs' motion to

dismiss the appeal for the reason it was not perfected in six days after the judgment.

2. In respect to the merits of the case it is conceded that the title to the land, for the possession of which the suit was brought, is in Laura Cook, wife of J. M. Cook; that J. M. Cook, as the agent of his wife, on April 5, 1900, leased the premises to defendant for the year 1900; that on May 19, 1901, J. M. Cook agreed in writing to convey all of *his* interest in the land to defendant by quitclaim deed for a consideration of $225 to be paid two years thereafter, defendant to pay taxes on the land; that after the execution of this instrument, the defendant asserted right to .hold possession of the land, not as the tenant of Laura Cook but as the purchaser of the title or supposed title of J. M. Cook. It seems that Penrod failed to comply with his part of the contract of May nineteenth by paying the consideration or any part of it for the land and, on September 22, 1903, J. M. Cook, notified him that he cancelled the contract and demanded rent for 1901 and 1902, and also demanded the surrender of the possession of the premises on or before January 1, 1904. This notice and demand was in writing and was mailed to defendant and received by him in regular course. Defendant refused to pay any rent or surrender possession and this suit was commenced.

The title to the land being in Laura Cook, the written contract of sale of May 19, 1901, made by J. M. Cook, did not in any respect whatever affect her title to the premises, as there is nothing in the record showing or tending to show that J. M. Cook had any right or authority from his wife to sell the land to the defendant or any one else. The lease for one year signed by himself, as his wife's agent, was effectual for the reason she acquiesced in it and is presumed to have accepted its benefits, and if Penrod had not set up title in himself or claimed possession under the contract made between J. M. Cook and himself, he would have

been a lessee under Laura Cook and his tenancy would have been from year to year and he would have been entitled to at least sixty days' notice next before the end of the year 1903 of Laura Cook's intention to terminate the lease. [Section 4109, R. S. 1899.] But having disclaimed title in Laura Cook, his lessor, by asserting his right to hold under his contract of purchase from J. M. Cook, he was not entitled to notice to quit. [Lyon v. LaMaster, 103 Mo. 1. c. 614, 15 S. W. 767.] Under the undisputed evidence, plaintiff Laura Cook, the real party in interest and the only necessary party plaintiff, is entitled to the possession of the land.

The judgment is therefore reversed and the cause remanded for retrial in accordance with this opinion. All concur.