COOK et al., Respondents, v. PENROD, Appellant.

St. Louis Court of Appeals, March 3, 1908.

1. **UNLAWFUL DETAINER: Notice to Quit: Disclaimer by Tenant of Landlord's Title.** The facts in this case are fully stated and the points of law raised fully decided on a former appeal. [Cook v. Penrod, 111 Mo. App. 128.]

2. **PRACTICE: Jurisdiction: Waiver of Objection to Jurisdiction.** Where the party to an action, after a change of venue was awarded, appeared in the court to which the cause was sent, applied for and obtained a continuance there, and participated in the trial, he waived his right to object that the judge who ordered the change of venue in the first place was disqualified to sit and had no jurisdiction to make the order.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Andrew W. Hunt* and *K. G. Spence* for appellant.

*H. H. Larimore* and *N. A. Mozley* for respondent.

GOODE, J.—This is an action of unlawful detainer to recover possession of lands in Stoddard county. The case was here on a previous appeal and a full statement of all the facts will be found in the report of the decision then given (111 Mo. App. 128). The title to the lands is in Laura Cook. They were leased to defendant Penrod by her husband J. M. Cook, as her agent, April 5, 1900,

for the year 1900, and for a rental of $20 and work to be done by the lessee. On May 19, 1901, a contract in writing was entered into between J. M. Cook and W. R. Penrod, the defendant, by which the latter agreed to purchase the former's interest in the lands. The contract recited that the sale was by quitclaim deed and was of the interest of Cook. The price to be paid was $225, two years after date, with interest at eight per cent. Penrod agreed to pay the taxes on the land, beginning with the year 1901, and not to let them become delinquent. In case he carried out his agreement, Cook was to make him a quitclaim deed to the land. Two or three years afterward J. M. Cook gave defendant notice in writing that the latter had failed to comply with his contract of December 12, 1901. It appears from the contents of the notice that the contract referred to was the one defendant and J. M. Cook entered into for the purchase of the land by defendant. The notice said that defendant had failed to pay the taxes and had let them become delinquent; had failed to pay interest and that the trade was off. Cook demanded as due the rent for the years 1901, 1902 and 1903 and offered to rent defendant the premises for the year 1904. This notice was received in due course of mail. Subsequently the present action of unlawful detainer was instituted; it seems in January, 1904. The complaint filed before the justice alleged the tenancy expired December 14, 1904, and that notice terminating it on the last named date was given defendant on or about August 22, 1903. Possession of the premises and rent to the amount of $80 was demanded. The judgment given in the circuit court on the first trial having been reversed, the cause was remanded to the Stoddard court for retrial. It had been tried by the Hon. R. L. Wilson as special judge. He refused to sit on the second trial because of his interest in the matter and changed the venue to the Cape Girardeau Common Pleas Court. On November 14, 1906, said

court remanded the cause to the circuit court of Stoddard county for some reason not stated. Hon. R. L. Wilson, special judge, thereupon, on December 17, 1906, ordered the venue to be changed from Stoddard county to the circuit court of Butler county. The case was called for trial in the Butler court April 18, 1907, and was continued for the benefit of Penrod and at his costs, because of the absence of his attorney who was attending the session of the state legislature as a member of said body. At the July term, 1907, in the Butler circuit court, after this continuance had been granted, defendant filed a motion to have the cause remanded to the Stoddard circuit court because Hon. R. L. Wilson, who had disqualified himself to sit as special judge, was without authority to order a change of venue to Butler county. This application was overruled and thereafter, at the same term of the Butler circuit court, defendant applied for a second continuance on account of the absence of material witnesses, setting out their testimony. Plaintiff having admitted the facts to be as stated in said application, it was overruled and the trial proceeded. It was agreed by the parties that Laura Cook is and was at all times mentioned, the owner in fee simple of the land,involved; that J. M. Cook was her husband and defendant entered into possession of the premises under a written contract by which Cook, as the agent of his wife, leased the premises for the year 1900 to defendant for the price of $20. It was admitted further that on May 19, 1901, the written contract by which Cook agreed to sell his interest to Penrod was executed and that thereafter on August 22, 1903, written notice was given by Cook to defendant that the latter had failed to comply with his agreement in certain respects and demanding rent for the years 1901 to 1903, inclusive, and possession of the premises on January 1, 1904. It was admitted defendant received this notice in due course of mail. It was further admitted defendant had

been continuously in possession since April 3, 1900, and that the rental value was $7 a month. At the second trial the circuit court found the title to be in Laura Cook, wife of J. M. Cook; that J. M. Cook, as her agent, had leased the premises to defendant for the year 1900; found the fact of the contract between Cook and defendant by which the former agreed to convey to defendant by quitclaim deed his (Cook's) interest in the land for the sum of $225, to be paid in two years, defendant to pay the taxes on the land; found Penrod failed on his part to comply with the contract by not paying the consideration or any part of it, and afterwards Cook notified him the contract was cancelled and demanded the unpaid rent and possession on or before January, 1904. The court found that as the title was in Laura Cook, the written contract of sale between J. M. Cook and defendant did not affect her title to the premises as he (Cook) had no right to sell to defendant or any one else; found the written lease made to defendant by Cook as her agent was authorized by his wife; found that Penrod had set up title in himself and asserted the right to remain in possession under the contract made between him and Cook as against any claim of possession by Laura Cook, his lessor, and hence was not entitled to notice to quit from Laura Cook, but she was entitled to possession of the land. Judgment was given against defendant for possession of the premises and $7 a month rent, amounting in the aggregate to $462.

It will be found by an attentive examination of the opinion delivered on the former appeal that every question touching the merits of this case was then determined. On one claim or another defendant has held possession of the premises for eight or nine years without paying any consideration for the enjoyment of them, either by way of purchase price or rent. His contract to buy Cook's interest and to take title to it by quitclaim deed, cannot be construed as in any way, either morally

or legally, affecting the rights of Mrs. Cook. Defendant has no ground to insist he was imposed on in said transaction, because the contract between him and Cook expressly said he was only buying Cook's interest, which was to be conveyed by quitclaim deed. However defendant absolutely failed to comply with this contract in any respect—he paid none of the agreed consideration and allowed the taxes to fall into arrears in violation of his covenant to pay them. So whatever right, if any, he may have acquired by the agreement between him and Cook was forfeited by his undenied failure to perform his covenants and his persistence in this failure after demand had been made on him. He has also failed and even refused to surrender possession. In point of law defendant has no standing to dispute the title of Mrs. Cook as his lessor and her right to the land. He has managed by legal shifts to hold and enjoy premises belonging to some one else long enough without paying compensation, and it is high time he was turned out and the owner given possession.

The only point in the brief which need be adverted to as involving a question not previously decided is the contention that as Hon. R. L. Wilson had disqualified himself to sit as special judge on account of his interest in the case, he had no authority to change the venue to Cape Girardeau in the first instance and Butler county in the second. Whatever merit there might have been in this position, if properly taken and held, the point was undoubtedly waived by the appearance of Penrod in the circuit court of Butler county and his contest of the issues there. Before he raised any objection to the jurisdiction of said court he had been granted one continuance and subsequently was granted another and afterwards participated in the trial. Neither did he make any objection to Judge Wilson's ordering the venue changed to Butler county. Hence it follows he waived the point he now makes by not raising it at the time in

the Stoddard circuit court and by appearing without objection in the Butler circuit court. [Haxton v. Kansas City, 190 Mo. 53, 88 S. W. 714.]

The judgment is affirmed. All concur.