LAURA COOK et al., Respondents, v. K. C. SPENCE
and JOHN H. HARPER, Appellants.

**St. Louis Court of Appeals, November 2, 1909.**

1. **JURISDICTION: Subject-Matter.** A court of general jurisdic-
tion is possessed of jurisdiction of the subject-matter if it has
jurisdiction to hear and determine causes of the general class
of the one under consideration.

2. ————: ————: **Waiver: Unlawful Detainer.** Although a cir-
cuit court has no jurisdiction, in the first instance, pertaining
to an action for unlawful detainer of land situate in another
county, it nevertheless has jurisdiction of the general class of
such actions, and when such an action was maintained in the
circuit court of the county other than that in which the land
in controversy is situated and the parties appeared in that
court and proceeded to a trial of the cause, they waived their
right to complain.

3. **JURISDICTION: Person: Consent.** The appearance of parties
at the trial of a cause gives the court jurisdiction over their
persons, by consent.

4. **APPEAL BONDS: Sureties Liable When Judgment is Estab-
lished as Valid.** Where a judgment was affirmed on appeal and
determined to be valid, and the covenant of the sureties on
the appeal bond was to pay a "valid" judgment, if such should
be obtained against their principal, the judgment was within
the covenant of the sureties and they should respond in ac-
cordance with the condition of their undertaking.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*Andrew W. Hunt* and *K. C. Spence* for appellant.

*H. H. Larimore* and *N. A. Mozley* for respondent.

NORTONI, J.—This is a suit on an appeal bond. The plaintiff recovered and defendant appeals. The principal in the bond abandoned the case after judgment against him in the circuit court and the sureties only prosecute the appeal.

The bond sued on was given upon the appeal of the case of Cook v. Penrod from a justice of the peace to the circuit court of Stoddard county.

It appears that Cook instituted an action of unlawful detainer against the defendant, Penrod, before a justice of the peace of Stoddard county. The plaintiff, having prevailed in that action before the justice, the defendant, Penrod, perfected his appeal from the judgment of the justice to the circuit court. In connection with that appeal, the present defendant, Spence and Harper, executed the appeal bond now in suit as sureties for the defendant, Penrod.

Afterwards, Hon. Robert L. Wilson was selected as special judge to try the issues in the unlawful detainer case. It appears the case was tried before Judge Wilson and he gave judgment for the defendant therein. From that judgment, an appeal was perfected to this court. This court reversed the judgment referred to and remanded the cause, as will appear by reference to Cook v. Penrod, 111 Mo. App. 128. Thereafter Judge Wilson, acting as special judge in the cause, declined to further proceed with the same; in other words, he disqualified himself, on his own motion, from sitting as special judge therein and ordered the venue changed to the circuit court of Butler county. After the case of Cook v. Penrod for an unlawful detainer reached the circuit court of Butler county, and when it was upon the docket for trial, the defendant, Penrod, through his counsel, sought and obtained a continuance to a succeeding term of the Butler circuit court. Thereafter, the cause came on for trial in Butler county and the defendant, Penrod, together with his counsel, appeared and participated therein. The trial resulted in a judg-

ment for the plaintiff for the possession of the real estate in controversy, which was situate in Stoddard county, together with certain interests, damages, rents and costs amounting in the aggregate to $964. From that judgment the defendant, Penrod, appealed to this court, as will appear by reference to the case of Cook v. Penrod, 129 Mo. App. 377.

The principal argument advanced in this court for a reversal of the judgment on that appeal was to the effect that the circuit court of Butler county was without jurisdiction to proceed and give judgment in the cause referred to, for the reason that Hon. R. L. Wilson, the special judge, was without authority under our statutes to order a change of venue from the circuit court of Stoddard county on his own motion upon feeling himself disqualified because of interest, etc.

On that appeal, this court stated the question for decision and expressed its views thereon in the following language:

"The only point in the brief which need be adverted to as involving a question not previously decided is the contention that as Hon. R. L. Wilson had disqualified himself to sit as special judge on account of his interest in the case, he had no authority to change the venue to Cape Girardeau in the first instance and Butler county in the second. Whatever merit there might have been in this position, if properly taken and held, the point was undoubtedly waived by the appearance of Penrod in the circuit court of Butler county and his contest of the issues there. Before he raised any objection to the jurisdiction of said court he had been granted one continuance and subsequently was granted another and afterwards participated in the trial. Neither did he make any objection to Judge Wilson's ordering the venue changed to Butler county. Hence it follows he waived the point he now makes by not raising it at the time in the

Stoddard circuit court. [Haxton v. Kansas City, 190 Mo. 53, 88 S. W. 714.]"

The judgment in the unlawful detainer case was affirmed by this court, on the reasoning above, and the present plaintiff, who was plaintiff in that action, instituted the present suit on the appeal bond given by Penrod upon appealing the case from the justice of the peace of Stoddard county, in the first instance.

Upon a trial of the issues in the present action on the appeal bond, the circuit court gave judgment for the plaintiff. From that judgment, the sureties on the appeal bond alone appeal and insist that there has been no breach of their obligation for the reason the circuit court of Butler county was without jurisdiction to give a valid judgment against Penrod, the principal in the bond, in the unlawful detainer suit of Cook v. Penrod, above referred to. Quoting from appellant's brief, they say:

"The defense below, and the one to be urged here, is that the circuit court of Butler county did not have jurisdiction to render a judgment in the principal action which would be binding or affect these defendants as sureties on the appeal bond of W. R. Penrod. It may be simply stated that if the circuit court of Butler county had jurisdiction and authority under the law to render the judgment, which it did render, and thereby make these defendants liable as sureties on said appeal bond to pay said judgment, or any part thereof, then the judgment of the circuit court in this case is right; but if the Butler circuit court did not have jurisdiction to render said judgment, then the judgment in this case is wrong and should be reversed."

This being a suit on the appeal bond, it is important to examine the condition of that obligation. The bond referred to is in the penal sum of $500 and conditioned as follows:

"Now if the said William Richard Penrod shall prosecute his appeal with effect and without delay,

neither commit nor suffer to be committed any waste or damage on the premises whereof restitution is adjudged, and shall pay all rents and profits, damages and costs that may be adjudged against him, and shall otherwise abide the judgment of the circuit court in said cause, then this recognition to be void," and, of course, otherwise the bond shall remain in full force and effect.

Now it appears from the condition of the bond above quoted that the present defendants, as sureties, covenanted to pay all rents and profits, damages and costs that might be adjudged against the defendant, Penrod, in the unlawful detainer action. From an inspection of the record, we ascertain that a court of competent jurisdiction, that is, the circuit court of Butler county, entered a judgment against the principal in the bond, Penrod, for the sum of $964 damages, rents, interest and cost in that proceeding and that none of this amount has ever been paid by him. That judgment when attacked in a direct proceeding by appeal was affirmed in this court, as will appear by reference to Cook v. Penrod, 129 Mo. App. 377, and the identical argument now advanced against the jurisdiction of the Butler circuit court therein was rejected.

It is very true that under our statutes the circuit court of Stoddard county alone was possessed in the first instance of jurisdiction of the appeal from a justice of the peace in an unlawful detainer action concerning land situate in that county. However this may be, the circuit court of Butler county is a court of general jurisdiction and was possessed of jurisdiction over the subject-matter of the action after it became lodged there. The doctrine in this State is that a court of general jurisdiction is possessed of jurisdiction of the subject-matter if it has jurisdiction to hear and deter-

mine causes of the general class of the one under consideration. Although the circuit court of Butler county had no original jurisdiction in the first instance pertaining to the controversy in unlawful detainer touching lands situate in Stoddard county, it nevertheless had jurisdiction of the general class of such actions and power to hear and determine them when presented. [Posthlewaite v. Ghiselin, 97 Mo. 420; Columbia Brewing Co. v. Forgey, 140 Mo. App. 605, 120 S. W. 625.]

We regard it wholly immaterial as to how the cause of Cook v. Penrod, in unlawful detainer, found its way into the circuit court of Butler county. It may be that Judge Wilson, the special judge, was without authority to order the venue changed from the circuit court of Stoddard county. This question we will not examine and on it we express no opinion. It is sufficient to say that the circuit court of Butler county is possessed of power to hear and determine the general class of actions of unlawful detainer and that the parties appeared in that court and proceeded to a trial of the issue in that cause. Of course, the appearance of the parties gives jurisdiction over the person by consent, and the defendant, Penrod, thereby waived his right to complain. The judgment in that case is valid as to him. [Cook v. Penrod, 129 Mo. App. 377.]

However, all of this may be, we regard this matter as immaterial at this time when the judgment of the circuit court of Butler county in the case of Cook v. Penrod is subjected to a collateral attack as in the present proceeding. That judgment was affirmed when assailed by a direct attack on appeal, and it was determined to be a valid and binding judgment upon the parties. The covenant of these sureties on the appeal bond was to pay a valid judgment, if such should be obtained against Penrod, their principal in the bond. It may be that the question as to the validity of that judgment is not *res adjudicata* in the present action in so far as these sureties are concerned who were

not parties to that suit.   Be this as it may, this court has declared that judgment to be valid against Penrod and will adhere to that ruling.

The judgment in that case being valid as to Penrod, it is within the covenant of the sureties and they should respond in accord with the condition of their undertaking.

The judgment in the present case is for the right party and should be affirmed.   It is so ordered.   All concur.