FLORENCE O. HINES et al., Appellants, v. ED. FEL-KINS et ux. and MARION EDWARDS.

### Division One, June 6, 1921.

1. **PLEADING:** Amending Petition: Allegation After Signature. An allegation of non-residence of the defendant in a tax suit, added after the close of the petition, but followed by the signature of plaintiff's attorney, is not alone an irregularity sufficient to void a judgment based thereon. It is in the nature of an amendment, and being subscribed it becomes a part of the petition.

2. ———: ———: ———: Attacking Record by Parole Evidence. Testimony by the tax attorney to the effect that, after he had filed his petition in the suit for delinquent taxes, he was told by the clerk that the defendant was a non-resident, and that thereupon, in vacation, he added to the petition an allegation of non-residence, signing his name thereto, being an attack upon the record by parole evidence, is inadmissible in a collateral proceeding, and should be disregarded.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Barton & Impey* for appellants.

(1) Even a cursory reading of this record will demonstrate plaintiffs' right to reformation and foreclosure as against Felkins and wife. But even if that were not true, Edwards could not object unless he acquired title under the tax suit. Therefore the validity of that

tax suit is the sole question here for consideration. (2) Again: if the tax judgment was without jurisdiction as to Felkins, the doctrine of innocent purchaser could not make it good as against plaintiffs. The doctrine of *caveat emptor* applies with its full force insofar as defects in the tax proceedings are concerned. (3) "The order (of publication) can only be made by strictly complying with the statute; for, in all cases where constructive service is substituted for actual notice, strict compliance is required." Schell v. Leland, 45 Mo. 293; Lumber Co. v. Keener, 217 Mo. 529. (4) The petition in the tax suit was filed and became part of the record proper in that case when it was deposited with the clerk and by him received to be kept on file. State ex inf. v. Clardy, 267 Mo. 383; State ex rel. v. Broadus, 245 Mo. 137; State ex rel. v. Wilson, 216 Mo. 292; State v. Hockaday, 98 Mo. 593; Dawson v. Cross, 88 Mo. App. 299; 3 Words & Phrases, 2764; 8 Ency. Pl. & Prac. 923 et seq. In this tax suit, the petition was not only deposited and filed but at that time had written thereon direction to issue, "Sum to Texas Co."; and in accordance therewith the summons was issued by the clerk and by him delivered to the sheriff and was in the sheriff's hands at the time the allegation of non-residence was entered. Under any view, the suit was pending and this petition was part of the record. R. S. 1909, sec. 1756. (5) This then being true, every clerk, officer or person was prohibited from amending or impairing this petition "without the order of such court." R. S. 1909, sec. 1863. And an amendment without such order will not be considered. Elliott v. Railroad, 157 Mo. App. 522; Rush v. Railroad, 157 Mo. App. 512. (6) An order of publication not based upon the allegation of non-residence or other cause in the petition or an affidavit is a nullity and gives the court no jurisdiction. R. S. 1909, sec. 1770; Tooker v. Leake, 146 Mo. 433; Wright v. Hink, 193 Mo. 130; Cummins v. Brown, 181 Mo. 711. It is the allegation of non-residence or other cause in the petition or affidavit, rather than the

fact of non-residence or other cause, which gives jurisdiction to the clerk to make an order of publication. State ex rel. v. Clarkson, 88 Mo. App. 553; Tooker v. Leake, 146 Mo. 429; State ex rel. v. Wessel, 237 Mo. 604. (7) Thus far we have treated the allegation of non-residence as if it now appears to be in the petition. We submit, however, that notwithstanding the fact they are on the same paper they are separate and distinct and so appear on their faces. It cannot, therefore, support an order of publication as an allegation, because it is not in the petition; neither can it do so as an affidavit, because it is not verified. (8) Whatever view may be taken of this case, Millie Felkins has an inchoate right to dower in this land, a substantial right, which was not barred by the tax suit; and plaintiffs as to it at least have a right to reformation and foreclosure. Blevins v. Smith, 104 Mo. 583; Hilton v. Smith, 134 Mo. 511.

*Lamar & Lamar* for respondent.

(1) Defendant Marion Edwards bought the land in question May 17, 1918, for a valuable consideration, without notice, at a time when the record showed the title of his grantor to be absolutely good, and received the first notice of plaintiff's claim when he was served with summons in this action in October thereafter. (2) At the time defendant bought the land from Hamilton the record showed title in Hamilton. The records of a court import absolute verity. This includes the date when a suit is filed, the contents of pleadings and documents, and parol evidence is not admissible to contradict such records in a collateral proceeding. This is one of the conclusive presumptions of the law. Such records are conclusively presumed to have been correctly made and are not open to attack by oral testimony. Greenleaf on Evidence (16 Ed.), p. 115, sec. 15; 17 Cyc. 501; Davidson v. Rst. & Inv. Co., 226 Mo. 29; Cook v. Penrod, 111 Mo. App. 128; Freeman v. Thompson, 53 Mo. 190. (3) The

288 Mo.—15

purchaser at a judicial sale need only look to the regularity of the execution, the judgment and the record as then existing, and if these are regular on their face and show jurisdiction he gets title, and neither his title nor that of his grantee can be overthrown, or the jurisdiction of the court impeached, in a collateral proceeding by proof of facts which the record did not disclose at the time of the sale. Murray v. Laften, 15 Mo. 625; Waddell v. Williams, 50 Mo. 222; Abbott v. Doling, 49 Mo. 304; McDermott v. Gray, 198 Mo. 282. (4) As against collateral attack, if regularity exists on the face of the record at the time of the purchase, the purchaser is absolutely protected. Charlie v. Kelley, 120 Mo. 134; Wellshear v. Kelley, 69 Mo. 343; Kane v. McCowan, 55 Mo. 196; Gibbs v. Southern, 116 Mo. 204; Brawley v. Ranney, 67 Mo. 280; Avery v. Good, 114 Mo. 290; Rugle v. Webster, 55 Mo. 247; Lumber v. Carroll, 255 Mo. 357.

ELDER, J.—This is a suit in equity to reform and foreclose a deed of trust on certain land in Texas County, Missouri.

The petition is in two counts. The first count alleges that on March 18, 1911, defendants Ed. Felkins and Millie Felkins, his wife, executed and delivered to plaintiff Florence O. Hines, their promissory note for $200, payable in one year, bearing interest from date at the rate of eight per cent per annum, and agreed to secure the same by a deed of trust on the south half of the northeast quarter of Section 15, Township 28, Range 9 west, in Texas County, Missouri; that on the same day said defendants executed and delivered to plaintiff a deed of trust purporting to secure the said note, but that through a mistake of the scrivener who drew the deed, the land conveyed was described as the south half of the southeast quarter of said Section 15, instead of the south half of the northeast quarter thereof; that defendant Marion Edwards claims some interest in the property intended to have been conveyed, the nature of which is unknown to plaintiffs, but which in-

terest, if any, plaintiffs desire to have determined. The count closes with a prayer for reformation of the deed of trust. The second count sets up the deed of trust as sought to be reformed, alleges that the principal amount of the note secured thereby, with interest thereon from March 18, 1917, is due, and prays a foreclosure thereunder. Plaintiff Kirby Lamar is trustee under the deed of trust in suit.

Defendant Marion Edwards answered, denying generally the allegations of the petition, and pleading that he is the owner of the southhalf of the northeast quarter of Section 15 aforesaid, being an innocent purchaser for value, and that he is in possession thereof.

Defendants Ed. Felkins and Millie Felkins, who were non-residents, were duly served with summons, but made default.

At the opening of the trial of the case it was agreed that defendant Ed. Felkins is the common source of title to the land involved.

The direct evidence for plaintiffs not being material to the question here presented, we shall forego adverting thereto.

To sustain the issues for defendant Edwards, there were introduced in evidence the following deeds, to-wit: Sheriff's deed, Record Book 61, page 452, showing sheriff's deed under special execution for delinquent taxes, dated November 15, 1917, reciting judgment of the circuit court on August 25, 1917, against Ed. Felkins and in favor of the State of Missouri, at the relation of Jake L. McKinney, Collector, conveying the south half of the northeast quarter of Section 15, to E. L. Pollard and F. J. McGrath, for a consideration of $86; special warranty deed, dated December 3, 1917, from E. L. Pollard and wife, and Frank J. McGrath and wife, to F. R. Ellis, conveying the same land, for a recited consideration of $1000; general warranty deed, dated January 29, 1918, from F. R. Ellis and wife to Jesse and George Hamilton, husband and wife, conveying the same land,

for a recited consideration of $1000; general warranty deed, dated May 17, 1918, from Jesse and George Hamilton, to Marion Edwards, conveying the same land, for a recited consideration of $400.

Defendant Edwards testified that he bought the land in question from George Hamilton, paying $400 cash therefor, for which he exhibited a receipt, and that he is living thereon; that before he paid the purchase money he examined an abstract of title which was exhibited to him; that he knew nothing about Mrs. Hines claiming a lien or holding a mortgage on the land until he was served with summons as defendant herein. The abstract of title referred to was introduced in evidence and shows the chain of title offered in evidence, but does not show the deed of trust to plaintiff Hines.

For plaintiffs, in rebuttal, there was read in evidence the petition filed May 30, 1917, in the tax suit brought by the State at the relation of Jake L. McKinney, Collector, against defendant Ed. Felkins, being the same suit under which Pollard and McGrath (remote grantors of defendant Edwards) acquired title at the delinquent tax sale held under execution issued therein. Said petition, being in the main printed, is in usual form for tax suits, but contains no allegation in the body thereof as to non-residence of the defendant Felkins. At the close the petition is signed "John H. Sanks, Plaintiff's Attorney." Below this signature, in hand writing, occurs the following allegation:

"Plaintiff further states that the defendant Ed. Felkins is a non-resident of the State of Missouri and cannot be served with the ordinary process of law in this State.

"JOHN H. SANKS,
                    Atty. for Plff."

The above allegation is not verified by affidavit.

For plaintiffs, in rebuttal, there was also introduced in evidence the summons in the above-mentioned tax suit, dated May 31, 1917, and the return of the sheriff

thereon, as follows: "Executed the within writ in the County of Texas and State of Missouri, on the 20th day of August, 1917, by making diligent search for the within named defendant, Ed. ·Felkins, and failing to find him in my said county." There was also introduced in evidence, for plaintiff, the following: Order of Publication Record N, page 178, showing an order of publication in the said tax suit, in usual form, purporting to be made by the clerk in vacation, upon an allegation of non-residence contained in the petition; certified copy of said order of publication, directed to the Cabool Enterprise-Press, and attested by the clerk of the court under date of June 8, 1917; proof of publication of the said order in the Cabool Enterprise-Press for a sufficient length of time (the date of the order of publication does not appear upon the record entry thereof, nor upon the printed copy); Tax Judgment Record T. page 125, in usual form, showing judgment against defendant Ed. Felkins, but reciting service upon him by publication only.

Mr. John H. Sanks testified for plaintiff as follows: "My profession is attorney at law. On May 30, 1917, I was attorney for the Collector of Texas County for the purpose of bringing actions on delinquent taxes. I filed that suit of State ex rel. Collector v. Ed. Felkins.

"Q. I show you the petition in this tax suit and call your attention to the allegation of non-residence of the defendant at the bottom, or at the end of the petition, and ask you if that was in the petition at the time the petition was originally filed? A. Well, I'll state how it was. I filed this suit and originally ordered a summons for Texas County, and then I went down in the clerk's office—now I don't know how long this was filed—and the clerk said to me that this man, Felkins, was a non-resident of the State of Missouri, and didn't live here, and we had better have a statement of non-residence, and I sat down and wrote it and I don't

know how long it had been since it was filed, but it was some time after and that allegation wasn't verified. I didn't swear to it." Respondents in an additional abstract of the record, state that:

"When appellant offered evidence tending to impeach the verity of the record of the tax suit and to show that the allegation of non-residence was not in the petition when it was originally filed, the defendant offered the following objection, which was overruled:

"By MR. LAMAR: We object for the further reason there are no allegations in the pleadings in this case that there are any errors in the records of this court, and it is a conclusive presumption that the records of this court are correct and they cannot be attacked, nor shown to be wrong, without being attacked in a suit in equity to change and reform the records, and for the further reason the plaintiffs are absolutely bound by the petition and records as they are, and nothing is admissible under the pleadings in this case to change the records and show that it ought to be different from what it is at this time."

The court rendered a judgment and decree that the plaintiff's "take nothing by this action and that the defendant Marion Edwards be discharged with his costs." From this judgment plaintiffs appeal.

While appellants in their briefs deal with various phases of the issue presented, they ultimately rest their case upon one contention. They insist that defendant Edwards acquired no title by mesne conveyances under the tax suit brought against defendant by Ed. Felkins by reason of the fact that the allegation of non-residence, appearing at the conclusion of the petition therein, was written without an order of court, after the petition had been filed and summons issued. Learned counsel for plaintiffs argue in substance that this allegation is not a part of the petition, that the order of publication based thereon was a nullity, and that accordingly the court was without jurisdiction to render judgment against defendant

Attack on Record by Parole Evidence.

Felkins, the common source of title. In their reply brief counsel say:

"In its last analysis, there is but one question in this case: Is the allegation of non-residence, written after the suit had been filed and summons issued, in vacation, and without an order of the court, a part of the petition? If this question be answered in the affirmative, the judgment should be sustained; but if in the negative, it ought to be reversed."

Accepting this statement as indicative of appellant's final insistence, we proceed.

Standing alone, the record in the tax suit brought by the collector against defendant Felkins discloses no irregularity sufficient to void the judgment rendered therein. True, the allegation as to non-residence, which follows the prayer of the petition and the original signature of plaintiff's attorney, does not conform to good pleading, but it is not an informality sufficient to exclude it as one of the allegations of the petition. .The allegation was in the nature of an amendment to the petition and the same being resubscribed under the amendment, the amendment became a part of the petition. [Nicodemus v. Simons, 121 Ind. 564.] As urged by plaintiffs, however, the testimony of Mr. Sanks, attorney for plaintiff in the said tax suit, was to the effect that the amendment was made by him at the suggestion of the clerk, after the petition had been filed. But, be that as it may, such testimony amounted to an attack upon the record by parole evidence, and should not have been admitted. [Davidson v. Real Estate and Inv. Co., 226 Mo. l. c. 29; Milan v. Pemberton, 12 Mo. 599; Mobley v. Nave, 67 Mo. 546; Freeman v. Thompson, 53 Mo. 183; Dennison v. County of St. Louis, 33 Mo. 168; Cook v. Penrod, 111 Mo. App. 128.] Accordingly, disregarding such testimony, as we must, we find that an allegation of the non-residence of defendant Felkins appears on the face of the petition, that an order of publication was properly made by the

clerk in vacation, that proof of publication of such order was submitted to the court, and that pursuant thereto judgment was rendered against Felkins. Under the decisions of this court it follows that that judgment cannot be collaterally attacked, as here attempted. [McDermott v. Gray, 198 Mo. 266; Vincent v. Means, 184 Mo. 327; Tooker v. Leake, 146 Mo. l. c. 429, 430; Payne v. Lott, 90 Mo. 676; Schmidt v. Niemeyer, 100 Mo. 207; Kane v. McCown, 55 Mo. 181; Brawley v. Ranney, 67 Mo. 280.] Hence, the judgment being regular on its face, and the sale thereunder being unquestioned, such sale was sufficient to convey title to the purchasers thereat. [Stevenson v. Black, 168 Mo. 549; Wellshear v. Kelley, 69 Mo. 343; Jones v. Driskill, 94 Mo. 190; Allen v. McCabe, 93 Mo. 138.] We therefore rule the point against appellants.

The error in the admission of evidence tending to vitiate the proceedings in the tax suit not being prejudicial to appellants, and a review of the entire record having served to convince us that the judgment was correct, we hereby affirm the same. All concur.