## REED *vs.* JOURDAIN *et al.*

Where nothing appears on the record, either in the pleadings, evidence, or judgment, from which this court can ascertain the rights of the parties, and where, from what does appear, it is highly probable that the judgment of the court below is founded neither upon law nor equity; *held*, that the judgment appealed from should be reversed under the provision of the statute, which declares that this court, " when " from the character of the record no tangible point is presented for determination, " may remand the cause for new trial."

APPEAL from the court of First Instance of the district of San José. This was one of that numerous class of cases, in which Alcaldes and judges of First Instance assumed the power to turn people out of the possession of real estate, without citation, notice, or hearing, upon the *ex parte* application and statement of persons who never had either possession or title. The facts, so far as they can be gathered from the return on appeal, are to be found in the opinion of the court. Judgment was rendered in the court of First Instance against the defendants.

————, for plaintiff.

*J. M. Jones,* for defendants.

*By the Court,* HASTINGS, Ch. J. The respondent on the first day of September, A.D. 1849, caused a citation to be issued, as is contended, to the appellants, which was returned " executed," demanding redress against them as trespassers on a certain piece of ground in the Pueblo de San José.

On the 8th day of September, the court rendered the following sentence :—" It appearing from the documents of the par- " ties that his (the said Reed) complaint is based on recorded " original papers, therefore the said Jourdain & Phister must " desist from further trespassing on said lands and tenements in " said Pueblo de San José ; and the said James F. Reed is

" hereby put fully in possession of the said property described,
" and to be found on record, and conveyed by Manuel Pinto to
" said Reed."

It appears that the appellants protested against the decision as
contrary to law, and appealed to John T. Richardson, judge of
First Instance of said district, for redress, before whom affidavits
were made, and testimony taken, and proceedings had in the
nature of perpetuating the testimony of witnesses, and much
other confusion ensued.

The 26th section of the act of February 28th, 1850, provides,
that when from the character of the record no tangible point is
presented for determination, this court may remand the cause
for new trial in the court below. However regular these pro-
ceedings may have been at the time, as merely summary under
the law then in force, on the part of the respondent, yet it evi-
dently appears that the appellants ought to have been heard,
and should have had a trial. For some cause it seems there
was no trial. The sentence was pronounced not upon proof of
the actual possession of respondent, but upon " *recorded origin-
al papers.*" What was the nature of those " recorded original
papers," the record does not show. They may have imparted
title to the respondent or not. No tangible point is presented
by this record upon which this court can act, and no injustice
can be done by awarding a new trial. We are, therefore, of
the opinion that the sentence of the court should be reversed,
and that the respondent should be permitted to file in the district
court of the proper district his complaint, and the appellants
their answer, and an issue made up and tried in the same man-
ner as if no proceedings had hitherto been had, and the costs to
abide the event of the suit.