STATE *ex rel.* GEORGE FRANK, Petitioner, *v.* IRWIN Z. SMITH, Circuit Judge, Respondent.

1. *Mandamus — St. Louis Circuit Court — Time for filing exceptions — Construction of statute.*—The fourteenth section of the law organizing the St. Louis Circuit Court (Gen. Stat. 1865, p. 889) takes that court out of the operation of the general law (Gen. Stat. 1865, ch. 169, §§ 27, 28) permitting exceptions to be filed at any time during the term; and, by virtue of that special act, the St. Louis Circuit Court has power to prescribe the limitations for filing exceptions named in the 12th and 16th rules adopted by it; in the revision adopted January, 1866.

### *Application for mandamus.*

Respondent, in his return, after setting forth the twelfth and sixteenth rules of court, proceeded as follows :

" And the respondent further shows that the appeal of the said Frank was not prayed for by him, as required by said rule numbered twelve, within five days after the rendition of the judgment overruling his motion for a rehearing on the 25th day of February, 1869; nor was his bill of exceptions presented within five

days after said day to the attorney for the opposite party, although the said Frank did show cause why his time should be extended, and it thereupon was extended by the court until the 15th day of March, 1869, as will appear by the records of said Circuit Court; yet the said Frank did not present his bill of exceptions within the time so extended, and did not show any cause whatever why his time for praying for an appeal should be further extended, nor any cause whatever why his time for presenting his bill of exceptions should be further extended, but did, after the expiration of the time so extended, to-wit: on the 17th day of March, 1869, present his bill of exceptions to the court, insisting to have the same signed by your respondent, and insisting that the said rules numbered 12 and 16, abc re recited, were in contravention of law, and null and void. Therefore, your respondent prays the judgment of this court whether he should sign said bill of exceptions and grant said appeal prayed for by said Frank."

*Thomas S. Espy*, and *Vorhies & Mason*, for petitioner.

I. Rules 12 and 16 of the Circuit Court are in derogation of section 28 of Gen. Stat. 1865, p. 675, which provides that "exceptions may be written and filed at the time, or during the term of the court at which it is taken, and not after." Section 14 of the act reorganizing the Circuit Court (Gen. Stat. 1865, p. 889) confers no power to make rules that may conflict with the laws in any way, but only to prescribe rules "to procure uniformity, regularity, and accuracy" under the law, in accordance with the provisions of section 14, chapter 133, Gen. Stat. 1865. These objects can be attained in perfect conformity to section 28 of the practice act.

II. The rules of the Circuit Court are an abridgment of a right, and without clear and express authority, legitimately exercised, can not be allowed to stand in the way of a right secured by the general law.

III. If the Legislature had intended, in the act of reorganization, to repeal any of the general law, or to confer upon the Circuit Court a power to make rules that would involve the setting

aside any of the general law, such power could have been given in specific language and in specific terms.

IV. The twenty-eighth section is not repealed by necessary implication of law. There is no antagonism between it and the act of reorganization. And if there is any repeal by implication, whatever in the act of reorganization is antagonistic to the twenty-eighth section was repealed by the subsequent enactment of the General Statutes.

V. The power to make rules under the act of reorganization, in opposition to existing laws, is the power of legislation — a power which the Legislature never intended to confer upon the court, and could not if it would.

VI. There can be no necessity for rules 12 and 16. The peculiar organization of the Circuit Court does not require them.

*Dryden*, and *Decker*, for respondent

WAGNER, Judge, delivered the opinion of the court.

The relator asks for a peremptory writ of *mandamus* against the respondent, who is one of the judges of the Circuit Court, to compel him to sign a bill of exceptions. The cause is submitted on a demurrer to the return, and the only question on which the judgment of this court is asked is whether the rules of the said Circuit Court in prescribing the time within which the exceptions shall be made out and presented to the judge at special term for his signature, in order to take a case to the general term, are valid and binding. It is insisted by the counsel for the relator that the rules adopted by the Circuit Court are in contravention of the statute, and therefore have no force, and should be disregarded. The general practice throughout the State on the subject is well understood, and clearly expressed in the statute. The law provides (Gen. Stat. 1865, ch. 169, §§ 27–8) that whenever, in the progress of any trial, in any civil suit pending in a court of record, either party shall except to the opinion of the court, and shall write out his exceptions, the judge shall sign the same. But the exception must be written and filed at the time, or during the term of court at which it is taken, and not after. Such is the

rule, as declared by statute, applicable to the circuits throughout the State.

But the organization of the St. Louis Circuit Court is peculiar, and altogether different from the remainder of the circuits. It consists of three judges, who hold special terms for the ordinary transaction of business, and general terms, composed of all three judges, for the revision of the rulings of the judges holding separate or special terms; in other words, an appeal lies from the special to the general term.

The 14th section of the law organizing the St. Louis Circuit Court provides that, in addition to the ordinary power of making rules conferred by the general law, the court may make all rules which its peculiar organization may in its judgment require, different from the ordinary course of practice and necessary to facilitate the transaction of business therein.

By virtue of this provision, the court adopted a series of rules, the 12th of which declared that, from all judgments and decrees rendered or orders made at the special term, any party aggrieved, if he desired to apply to the general term to have the same vacated, reversed, or modified, should, within five days (if the term so long continued, and if not, then before the end of the term) after the rendition of such judgment or decree, or the making of such order, pray for an appeal to said general term, which should be allowed; and if the errors complained of did not appear in the record, then the same should be preserved by exceptions taken at such special term. The 16th rule provides that within five days after any motions shall be overruled or any ruling made at special term, to which a party desires to except, the party excepting to the opinion of the court shall prepare a bill of exceptions, and shall hand the same, or a copy thereof, to the attorney for the opposite party, who shall, within three days thereafter, make objections (if there be any) thereto, in writing, on a separate piece of paper, pointing out particularly the alterations and additions to be made thereto. If the party preparing said bill does not agree to such alterations, then the same shall be settled by the court. If no objections be made to such bill within three days, all objections will be considered as waived.

It will be observed that, in addition to the ordinary power of making rules conferred by the general law, the St. Louis Circuit Court, owing to its peculiar organization, has the express power conferred of making rules differing from the ordinary course of practice, which may be necessary to facilitate the transaction of business. And this is left to the judgment and discretion of the court. The court acts upon its own judgment, and we know of no right to interfere with its rules or revise its discretion, except in a case where it has abused its authority or violated some law. There is no violation of law here, for the court has acted within the line of the power delegated.

The absolute necessity of some such restriction as prescribed in the rules above referred to is apparent. If the general law concerning exceptions were to be applied to the St. Louis court, it would impede business and delay justice. No appeal can be taken to this court till judgment at general term.

If the party is to have the whole term to write out and file his exceptions, then the cause can not be heard at general term till a subsequent distinct term of the court. This would not be facilitating business, nor is it the intention of the law. But it is enough for this court to know that the power exists; we will not undertake to control the discretion of the Circuit Court.

The writ will be denied. The other judges concur.