THE STATE *ex rel.* PLUMMER V. GIDEON.

Division Two, December 23, 1893.

Criminal Practice: SUBPŒNAS FOR WITNESSES: CONSTITUTION.   A rule of court restricting to fifteen the number of subpœnas for witnesses, to which one indicted for murder is entitled as of right, is void as contravening article 2, section 22 of the constitution which provides that "in criminal prosecutions the accused shall have the right to have process to compel the attendance of witnesses in his behalf."

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Harrington & Pepperdine* for relator.

The constitution (art. 2, sec. 22.) guarantees to one accused of crime the right "to have process to compel the attendance of witnesses on his behalf." This same constitutional right is reinforced by statutory enact ments.   Revised Statutes, 1889, secs. 4144, 4406, 4420. In view of the foregoing provisions the rule of the trial court was void and a peremptory *mandamus* should be awarded.

GANTT, P. J.—The petition in this case, on which the alternative writ of *mandamus* was granted, states substantially the following facts:   That the relator stood indicted in the Christian county circuit court, charged with the crime of murder in the first degree; that his trial was set for the second day of the August term of said court, 1893, he having been indicted at the previous February term and his cause continued for for want of time to try the same; that the relator, some days before his case was set for trial, and before the

beginning of said term of court, in order that he might prepare himself to make his defense, went to the respondent's office, respondent being the clerk of said Christian county circuit court, and requested and demanded of him in writing that he issue a subpœna containing the names of twenty-eight persons, witnesses for relator who stood indicted as aforesaid; that all of said witnesses live in Christian county and within the jurisdiction of said court; that they are all competent to testify, and that the testimony of each was material and necessary to relator's defense; that said subpœna should be made returnable on the day on which relator's case was set for trial; that respondent, on a list of the names of said witnesses being furnished him, did, as clerk, issue a subpœna containing the names of the first fifteen persons named, but failed and refused to issue a subpœna containing the names of the twenty-eight persons desired as witnesses, or a subpœna containing the names of more than fifteen persons, whereupon, after filing an affidavit with the clerk, that said witnesses were material, and according to section 4406, Revised Statutes, 1889, the relator, being without remedy, resorted to this court and procured an alternative writ of *mandamus* commanding the said clerk to issue a subpœna containing the names of the other thirteen persons contained in said list, or to show cause, etc.

The respondent in his return to said alternative writ, after reciting that the process of said Christian county circuit court for witnesses in criminal cases had been in the past abused, entailing large expense to the state and county, justifies his action in refusing to issue said subpœna by a rule of said court made and entered into at the February term, 1893, thereof, which said rule or order is in the following language, and the legality and validity of which are the only questions

involved in this proceeding:

"Now at this day the court adopts the following rule to govern process in criminal cases. Parties in criminal cases, both plaintiff and defendant, shall be entitled to subpœnas for witnesses as of right, and 'as of course' as follows: In cases of a misdemeanor to the number of five subpœnas and no more. In cases of felony, other than those punishable by death, to the number of nine, and no more. *In cases that may be punishable by death, to the number of fifteen, and no more.* The parties desiring subpœnas for a greater number than those specified shall apply to the court, by motion, or the judge thereof in vacation, supported by affidavit, setting forth fully the names of witnesses desired, what facts such witnesses are expected to testify to, that the same is believed to be true by the parties so applying; that the same is material to the issues involved, or may arise in the case setting out fully the facts, wherein its materiality consists, and showing to the court or judge therein, the facts desired to be established by such witnesses or witness can not be established by the witnesses for which the subpœnas are allowed 'as of course,' and if required by the court or the judge in vacation shall set out fully what the witnesses for which subpœnas have been allowed, 'as of course' shall testify to."

Relator upon this return, moves for a peremptory writ of *mandamus.* By the constitution of this state and statutes passed in pursuance of its mandate, the most ample provision is made for securing to every person charged with crime, subpœnas and compulsory process, to compel the attendance of witnesses in his behalf.

Thus, section 22, of article 2, or "Bill of Rights," provides:

"In criminal prosecutions the accused shall have

the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; *to have process to compel the attendance of witnesses in his behalf;* and a speedy public trial by an impartial jury of the county."

And section 4144, Revised Statutes, 1889, provides: "Every person indicted or prosecuted for a criminal offense shall be entitled to subpœnas and compulsory process of witnesses in his behalf," etc.

Section 4406 provides further: "The defendant shall be entitled to process for witness to be issued and directed to the sheriff of the county in which such witness may be; but all the witnesses in the same county shall be included in one subpœna, and no subsequent subpœna shall be issued for any witness unless the court in which the case is pending, or the judge or justice shall, for good cause shown, order a subpœna for another witness; or if in absence of the judge, the defendant shall file with the clerk his affidavit that other witnesses ordered by him are material and positively necessary in his behalf to a full and competent adjudication of the case, the clerk shall issue subpœnas for such witnesses."

And to meet the evil at which the rule under consideration is aimed, section 4420 was enacted as follows:

"The judge and prosecuting attorney shall in no case tax the state or county, with more than the costs of three witnesses to establish any one fact, nor with costs of witnesses unnecessarily summoned, and not examined, but the costs of such surplus or unnecessary witnesses shall, in the discretion of the court, be taxed against the parties or attorney causing them to be summoned."

It is inherent in every court to make all needful rules for the orderly disposition of the business that may come before it, but under our system of government it is not within the duty or power of the court to make rules in contravention of either the organic or statute law of the state. 4 Am. and Eng. Encyclopedia of Law, p. 450, note 7, and authorities cited.

It has been uniformly held by this court that if a rule of court went beyond, or contradicted a statute of the state, it would not be enforced here. *Calhoun v. Crawford*, 50 Mo. 458; *Purcell v. Railroad*, 50 Mo. 504.

And where two were jointly indicted and tried, but were represented by different counsel and a rule of court forbade more than one counsel on either side to examine witnesses and counsel for one of defendants desired to question a witness as to a matter he deemed material, but which the other counsel deemed injurious to his client and the court refused to permit the question, it was held that it was not in the power of a court to adopt a rule which would deprive a defendant in a criminal case of the right of cross-examination. *State v. Bryant*, 55 Mo. 75; see also *Huff v. Shepard*, 58 Mo. 242; *State v. Underwood*, 75 Mo. 230.

It will be observed that the constitution imposes no limit upon the number of witnesses a defendant may have summoned. The statute regulates this right only to the extent that it requires an affidavit that the witnesses are material and necessary when the defendant asks for a *second subpœna*. The rule in question, however, arbitrarily determines beforehand that the defendant in a capital case shall have *fifteen witnesses, and no more.*

To obtain other witnesses, the defendant is required to file a motion before the court or judge, setting forth fully the names of the witnesses desired, *what facts such witnesses are expected to testify to;* that their evidence

is material to the issue involved and wherein it is material, and that the facts cannot be established by the witnesses for which subpœnas have been issued, "as of course."

This rule is a marked innovation in the practice in this state and we hesitate not to say it is entirely out of harmony with the organic law of the state and the liberal and enlightened practice established by the statutes. It was never intended that one charged with crime should be subjected to such an inquisitorial proceeding, when he was merely exercising his natural and constitutional right of preparing to meet a public prosecution. The terms imposed are, to say the least, most unusual, and are far in excess of the statute.

When the statute required simply an affidavit that the additional witnesses desired in the second subpœna, were material and necessary, it was the opinion of the legislature that this was sufficient to avoid an abuse of the process of the court, but this rule denies even *one* subpœna *for the necessary* witnesses if they exceed fifteen, as they usually do in such cases, *until* the party shall first file an affidavit that would ordinarily entitle him to a continuance.

The rule would require a defendant in a public prosecution to disclose his defense to the state and the court in advance of the case made by the state. The proposition has only to be stated to be condemned as utterly at variance with the practice in criminal trials in our courts. It is true that, as the population of this state increases, crime increases, and large sums are yearly paid out by the state for costs in criminal cases; but it is not, and never has been, the policy of the state to let a few paltry dollars outweigh the life or liberty of the citizen. It were far better that twice the amount now paid annually should be expended in one case, rather than it should be said that an innocent

man was convicted and hanged because the state denied him process for his witnesses by which to establish his innocence.

The statutes are sufficient, if carefully and faithfully executed, to exclude the fees of all unnecessary witnesses; more severe than this, they ought not to be.

It is sufficient to add that this rule imposes harder terms than the statute does, and for that reason it cannot be enforced. The conclusion we have reached accords not only with our own decisions, but with those of many other courts of last resort in the several states. *Hickernell v. Bank*, 62 Pa. St. 146; *Cates v. Mack*, 6 Col. 401; *State ex rel. v. Posey*, 17 La. Ann. 252; *Patterson v. Winn*, 5 Pet. (U. S.) 242.

Let the peremptory writ issue as prayed. All concur.