THE STATE *ex rel.* HOFFMAN v. WITHROW, Judge.

In Banc, July 15, 1896.

1. **Bill of Exceptions, Settlement Of:** RULE OF COURT : STATUTE. Rule 31 of the St. Louis city circuit court requiring bills of exceptions to be prepared and served on the adverse party within ten days after any ruling at special term which is excepted to, and prohibiting the signing of any bill by the judge unless served within such time, is an abridgment of the rights of litigants under Revised Statutes, 1889, section 2168, which provides that exceptions taken during a trial may be reduced to writing and filed during the term at which taken, and it is the duty of the trial judge to settle a bill, if properly prepared and presented, at any time during the term.

2. ———: ———: ———. A court can not make and enforce a rule that will deprive a party of a right given him by law or which grants the right upon terms more onerous than those fixed by law.

### *Mandamus.*

PEREMPTORY WRIT AWARDED.

*Julian Laughlin* and *J. P. Maginn* for relator.

(1)   Rule 31 of the St. Louis city circuit court is in conflict with section 2168, Revised Statutes, 1889, and is void.   *Brooks v. Boswell,* 34 Mo. 474; *State ex rel. v. Smith,* 44 Mo. 112; *Purcell v. Railroad,* 50 Mo. 502; *Colhoun v. Crawford,* 50 Mo. 458; *State v. Bryant,* 55 Mo. 75; *Ins. Co. v. Board, etc.,* 56 Mo. 583; *Huff v. Shephard,* 58 Mo. 240; *State ex rel. v. Lewis,* 71 Mo. 170; *Maloney v. Hunt,* 29 Mo. App. 379; *State v. Gideon,* 119 Mo. 94.   (2)   Rules of court when valid become rules of law and no discretion can be exercised in their application unless such discretion is authorized by the rules themselves.   *Thompson v. Hatch,* 3 Pick. 512; *Wall v. Wall,* 2 Har. and G. (Md.) 79; *Baker v. State,* 54 N. W. Rep. (Wis.) 1003; *Quinn v. Brooks,* 22 Md. 288; *Owens v. Ranstead,* 22 Ill. 161; *Walker v. Ducros,* 18 La. Ann. 703; *Hughes v. Jackson,* 12 Md. 450. (3)   That rules of court may be suspended, in the discretion of the court, is held in the following cases: *Symons v. Bunnell,* 20 Pac. Rep. (Cal.) 859; *Sheldon v. Risedorph,* 23 Minn. 518;  *U. S. v. Breitling,* 20 How. 252; *Co. v. Hamilton,* 54 Fed. Rep. 468; *Bank v. Post,* 25 Atl. Rep. 1093; *Dredge v. Forsyth,* 2 Black, 563; *Kellogg v. Forsyth,* 2 Black, 571; *Johnson v. Railroad,* 48 Mo. App. 631.

*Jos. S. Laurie* and *C. P. & J. D. Johnson* for respondent.

BURGESS, J.—On petition of plaintiff an alternative writ of *mandamus* was issued by this court to

defendant Withrow as judge of the circuit court of the city of St. Louis, commanding him to show cause why he should not sign a certain bill of exceptions in an action pending in the special term of the circuit court over which he presides.

The facts as stated by defendant, and which are admitted to be substantially correct by relator, are as follows:

"The substantial allegations of the alternative writ are to the effect that on the thirtieth day of October, 1895, a cause was tried in respondent's court wherein relator was plaintiff and the St. Louis Trust Company, executor, was defendant and a verdict and judgment was rendered in favor of the defendant; that plaintiff duly filed a motion for a new trial which was overruled by the court on April 8, 1896; that on May 12, 1896, plaintiff submitted a true and complete bill of exceptions to defendant who objected to the same for the reason that the same had not been served on defendant within ten days after the overruling of plaintiff's motion for a new trial as required by rule 31 of the circuit court of the city of St. Louis; that plaintiff thereupon, on May 16, tendered said bill of exceptions to respondent and prayed that the same be signed by him; that respondent refused to sign said bill of exceptions on the ground that plaintiff had failed to comply with the requirements of said rule 31; that plaintiff thereupon procured said bill to be signed by by-standers and again tendered the same so signed to the judge, with the request that he permit the same to be filed, which request was refused by the judge on the ground that plaintiff had failed to comply with the requirements of said rule 31, and that plaintiff thereupon, to wit, on May 23, took an appeal to this court from the judgment in said cause; that said rule is in direct violation of the statute (R. S., sec. 2168), and

is therefore null and void, and, further, that even though said rule 31 be a valid rule, yet said judge might, in the exercise of a judicial discretion, have allowed plaintiff's bill of exceptions to have been filed had he seen fit to do so.

"In consideration of the premises respondent is ordered to show cause why he should not sign said bill of exceptions."

By way of return, respondent demurs for several reasons, among others, that it appears on the face of the writ, relator is not entitled to the relief sought.

Rule 31 of the St. Louis circuit court as set forth in the alternative writ is as follows:

"Within ten calendar days after any ruling is made at special term to which a party desires to except, the party excepting shall prepare a bill of exceptions, and shall cause the same, or a copy thereof, to be served, as prescribed by law for the service of notices, on the adverse party, who shall, within three calendar days thereafter, make objections (if there be any) thereto, in writing, on a separate piece of paper, pointing out particularly the alterations and additions proposed thereto, and cause the same, or a copy thereof, to be served in like manner on the excepting party. If the excepting party does not agree to such alterations, then the proposed bill and alterations shall be submitted to and settled by the court. If no objections be thus made to such bill within said three days, all objections shall be considered waived, and the same shall then, at the same term and at least two days before the adjournment of the term, be presented to the court for signature, if found correct, or for such amendment as may conform the same to the facts. And no bill of exceptions shall be signed by the court or judge thereof, in case the requirements of this rule as above specified shall not have been complied with. This rule is not to

apply to cases in which the ruling to which exception is taken is made within fifteen days before the adjournment of the term, nor to cases in which the bill of exceptions should contain only a motion which is on file in the cause and the ruling of the court on the same. No execution shall issue, without special leave of court, within fifteen calendar days after a motion for a new trial or in arrest, is overruled."

The only question for consideration in this case is whether the rule of court before recited is valid. Relator contends that it is void because in conflict with section 2168, Revised Statutes, 1889.

That section provides that, "such exceptions may be written and filed at the time or during the term of the court at which it is taken, or within such time thereafter as the court may by an order entered of record allow, which may be extended by the court or judge in vacation for good cause shown, or within the time the parties to the suit in which such bill of exceptions is proposed to be filed, or their attorneys, may thereafter in writing agree upon, which said agreement shall be filed by the clerk in said suit and copied into the transcript of record when sent to the supreme court or courts of appeals. All exceptions taken during the trial of a cause or issue before the same jury shall be embraced in the same bill of exceptions."

The circuit court of the city of St. Louis has the inherent power, irrespective of statutory enactment, to promulgate and enforce rules with respect to proceedings and the order of business in it, not in contravention with the constitution and statute, but any rule which operates to deprive a party of a right conferred upon him by statute, or which is in conflict with its provisions, is, to whatever extent that may be, void.

While by the statute quoted the filing of bills of exceptions, and the extension of the time in which the

same may be filed are provided for under the conditions therein named, no power is conferred upon that court to impose conditions upon which such a bill may be filed, nor had the circuit court of St. Louis the inherent power to impose any such prerequisite to the signing of the bill as was done in the case in hand.

When relator prepared her bill and presented it to the respondent for his signature, it was his duty after having had a reasonable time to examine the same to sign it if true, but if untrue and for that reason he refused to sign it, he should have so certified under his hand, as required by section 2169, Revised Statutes. If he did not have time to examine the bill before the adjournment of the court for the term at which it was presented, then he should have extended the time for its filing by an order of record, in order that an opportunity might be afforded him in which to so do.

When, therefore, the court undertook by rule to require the party excepting within ten calendar days thereafter to prepare a bill of exceptions and cause the same, or a copy thereof, to be served on the adverse party, a condition precedent to the signing of such bill by the judge before whom the trial was had, it shortened the time in which the exceptor is given by the statute to present his exceptions, and imposed upon him terms more onerous than authorized by said statute.

By the law relator was only required to prepare and present her bill to the court or judge for his signature within the time prescribed by the statute, that is, during the term, while by the rule, in addition to this, she was required within ten calendar days after any ruling was made to which she desired to except to prepare her bill, and cause the same or a copy thereof to be served on the adverse party, and in case this was

not done the court or judge was prohibited from signing the same.

That such a rule, if observed, would relieve the court of much labor and greatly facilitate business therein is, doubtless, true, but it seems quite clear to us, that it had no power to adopt such a rule or to enforce its observance. In Works on Courts and Their Jurisdiction, page 177, it is said: "A court can not make and enforce a rule that will deprive a party of a right given him by law or granting the right upon terms more onerous than those fixed by law." See, also, *People v. McClellan*, 31 Cal. 101; *Krutz v. Howard*, 70 Ind. 174; *Krutz v. Griffith*, 68 Ind. 444; *State ex rel. v. Gideon*, 119 Mo. 94; *State ex rel. v. Withrow*, 133 Mo. 500.

But it is insisted by defendant that the rule is authorized by section 11, article 17, Revised Statutes, 1889, page 2147, entitled, "The St. Louis Circuit Court," which is as follows: "And in addition to the ordinary power of making rules conferred by the general law, the court may make all rules which its peculiar organization may, in its judgment, require, different from the ordinary course of practice, and necessary to facilitate the transaction of business therein." And that its validity has been sustained by this court in *State ex rel. v. Smith*, 44 Mo. 112, and by the St. Louis court of appeals, in *State ex rel. v. Boyle*, 3 Mo. App. 604, and in *State ex rel. v. Wickham*, 3 Mo. App. 604.

The rule in the *Smith* case was upheld upon the ground of the peculiar organization of the St. Louis circuit court at that time, which consisted of three judges, who held special terms for the ordinary transaction of business, and general terms, composed of all three judges, for the revision of the rulings of the judges holding separate or special terms, and appeal might then be taken from the special to the general term, and from the general term to this court. At that time an appeal

could not be taken from a special term directly to this court, but since then the law has been changed; no general term is required to be held, and an appeal lies from a special term of the circuit court of said city, as from all other circuit courts in this state directly to the court of appeals or to the supreme court. No reason for such a rule longer exists, and it can not be upheld upon the ground of the peculiar organization of the St. Louis circuit court, as was done in that case. We do not therefore regard it as an authority in this case. The same may be said with respect to the cases of *State ex rel. v. Wickham, supra,* and *State ex rel. v. Boyle, supra.* Beside, we are not impressed with the soundness of the reasoning in the last named case.

The demurrer to the alternative writ is overruled, and peremptory writ ordered. MACFARLANE, ROBINSON, GANTT, and SHERWOOD, JJ., concur. BARCLAY, J., dissents; BRACE, C. J., absent.

BARCLAY, J. (*dissenting*).—It is my misfortune not to be able to unite in the judgment announced by my learned colleague.

Every circuit court in Missouri is not only empowered to regulate the course of practice so as to secure the due administration of justice, but it is made its duty "to prescribe rules that will procure uniformity, regularity and accuracy in the transaction of the business of the court." R. S. 1889, section 3239.

All the trial courts of record are specially authorized, by many parts of the written law, to adopt rules fixing the time for pleadings of various kinds, when the time is not regulated by express statute. R. S. 1889, secs. 579, 2052, 2053, 2209, 2211, 3238.

It is true that the law permits the filing of a bill of exceptions at any time during the term of the order excepted to. R. S. 1889, sec. 2168. But that does

not imply that the court shall not make any rules to secure a fair and correct settlement of such bills, before they are filed.

The rule in question does not pretend to deal with short bills, preserving mere motions and exceptions thereto. Nor does it apply to rulings entered within fifteen days of the close of the term. It is merely designed to establish an orderly system for the preparation of bills which describe trials, the history of which counsel do not agree upon.

The only point at which the rule comes even near to any encroachment on the statute is in the requirement that the bill shall be laid before the judge for settlement "at least two days before the adjournment of the term;" and that particular feature of the rule is not the part that is drawn in question in the case at bar. The relator complied with that command of the rule.

All the other provisions of the rule are mere regulations (in the nature of orders for pleadings) intended to bring the bill into shape for action by the court with as little call for its intervention as possible, thus accomplishing a saving of the public time of the court.

The rule does not conflict with the statute, which is silent as to any mode of settling a bill before it is filed.

In many states the statute law prescribes the steps to obtain a settlement of these important histories of litigated cases. 3 Ency. Pl. & Pr., p. 443.

In decisions and in the treatises on bills of exceptions the settlement of disputes as to the contents of such bills is regarded as a topic quite distinct from the rules governing the time for filing a settled bill. Elliott, App. Proced. [1 Ed.], sec. 798; 3 Ency. Pl. & Pr., p. 441; *Shipherd v. White* (1824) 3 Cow. 32;

*Ex parte Bradstreet* (1830) 4 Pet. 102; *Jones v. Menefee* (1882) 28 Kan. 437; *Haines v. Com.* (1882) 99 Pa. St. 410.

The Missouri law says nothing about any process to settle exceptions. It only fixes a limit of time to file them, and then confers power on the courts to make rules to secure the orderly and prompt dispatch of business.

It seems to me that a rule of court, designed to secure a reasonable opportunity for an examination of a proposed bill of exceptions by adverse counsel and by the court before the expiration of the statutory time allowed to file it, is a commendable and necessary rule for the orderly administration of justice, where the statute is silent on that point. *Road in Little Britain* (1856) 27 Pa. St. 69; *Redman v. State* (1867) 28 Ind. 205; *People ex rel. v. Blades* (1882) 104 Ill. 591; *Smith v. State* (1884) 20 Fla. 839.

It is a grave error to so interpret section 2168 as to prevent all the trial courts from enforcing reasonable rules to bring proposed drafts for such bills as far toward settlement as possible by the systematic action of counsel, within the time marked by the statute for filing the bills. In my opinion such a rule of court should be upheld under the general authority given to the circuit courts of the State to adopt rules of practice. Hence it is not necessary to discuss whether the rule may not also be sustainable under the laws specially applicable to the circuit court in the city of St. Louis.