THE STATE OF MISSOURI, at the Relation of PARA-MOUNT PROGRESSIVE ORDER OF MOOSE, a Corporation, Relator, v. HON. FRANKLIN MIL-LER, Judge of the Circuit Court of the City of St. Louis, Missouri, presiding in Division No. 2 of said Circuit Court, Respondent.*

St. Louis Court of Appeals. Opinion filed May 5, 1925.

1. **MANDAMUS: Circuit Court of the City of St. Louis: Transfer of Causes from One Division to Another by Consent: Statute: Return: Question for Decision.** In a proceeding for mandamus to compel the judge of one of the divisions of the circuit court of the city of St. Louis to remove a cause to another division of said court under section 1356, Revised Statutes 1919, where the return to the alternative writ was in the nature of a demurrer and motion to quash the alternative writ, the question thus presented is whether such section of the statute applies as between the said two divisions of said circuit court.

2. **COURTS: Circuit Courts: Rules of Practice: Powers to Prescribe.** The circuit court can prescribe only such rules of practice to regulate its proceedings, in pursuance of section 2619, Revised Statutes 1919, as are in harmony with the law; and, when there is a statute with which a rule of court conflicts, the rule must fail.

3. ———: Circuit Court of the City of St. Louis: Stipulation for Transfer of Case from One Equity Division to Another: Effective. Section 1356, Revised Statutes 1919, providing that if at any time after the commencement of a suit the parties shall agree in writing, duly filed, upon any other county or court of competent jurisdiction, to which they desire the same to be removed, it shall, by order of the court, be removed accordingly to such county or court of competent jurisdiction, in view of section 1371 providing that changes of venue shall be awarded to and from the courts of said city of St. Louis as if it were a county, and that if change be asked and granted from any court in said city, the cause should be sent to some other court of record in said city, with certain exceptions, applies between two equity divisions of the circuit court of the city of St. Louis and when a stipulation between the parties for a transfer of a cause from one equity division of the circuit court of the city of St. Louis to another is duly filed, it is the duty of the judge of such division to transfer such cause to such other division regardless of whether a rule of said circuit court has or has not been adopted for the transfer of cases by consent.

4. ———: ———: Change of Venue: Each Division of Circuit Court of the City of St. Louis Treated as Separate. Under section 1371, Revised Statutes 1919, dealing with the question of the usual change of venue, each division of the circuit court of said city is to be treated as if each such division were a separate and complete court.

5. ———: ———: Transfer of Causes: Rules Not Providing for Transfer from One Division to Another: Right Conferred by Statute not Affected. The fact that the rules of the circuit court of the city of St. Louis relating to the transfer and assignment of cases passed under authority of sections 2619 and 2620, Revised Statutes 1919, make no provision for a transfer of a case from one equity division of such court to another on stipulation of parties such as is allowed by section 1356, has no effect upon the rights conferred by said statute, as a rule which would go beyond the statute, and narrow the rights of litigants as therein provided, would be invalid.

6. ———: ———: Power to Make and Enforce Rules: Cannot Deprive Party of Right Given by Law or Grant Right upon Terms More Onerous than Fixed by Law. A court cannot make and enforce a rule that would deprive a party of the right given him by law, or granting such right upon terms more onerous than those fixed by law.

7. ———: ———: ———: Cannot Narrow or Abrige Rights Given to Litigants by Statute. The circuit court of the city of St. Louis is

given the power, under section 2619, Revised Statutes 1919, to make rules regulating assignments and transfers of causes, but such rules are merely to facilitate the work of the court properly to apportion the cases between the judges, but such statute is not intended to allow such court to make or enforce a rule which will narrow or abridge any right given litigants by the statute law.

*Headnotes 1. Mandamus, 38 C. J., Section, 608; 2. Courts, 15 C. J., Section 276; 3. Courts, 15 C. J., Sections 200, 276; 4. Courts, 15 C. J., Section 200; 5. Courts, 15 C. J., Section 200; 6. Courts, 15 C. J., Sections 276, 288; 7. Courts, 15 C. J., Sections 276, 288.

Mandamus.    Original Proceeding.

ALTERNATIVE WRIT MADE PERMANENT.

*Earl M. Pirkey* for relator.

*Harry E. Sprague* for respondent.

DAUES, P. J.—This is an original proceeding in mandamus to compel the respondent, Judge of Division No. 2 of the circuit court of the city of St. Louis, to remove a cause to Division No. 14 of said court under the provisions of section 1356, Revised Statutes 1919. Our alternative writ having issued, respondent duly made return, which is in the nature of a demurrer and motion to quash the alternative writ. The question thus presented is whether the section of the statute, supra, applies as between the said two divisions of said circuit court.

The facts, as conceded, show that respondent is a circuit judge, presiding over Division No. 2 of the circuit court of St. Louis; that there was and is pending in said division of said court a cause in which the relator is a defendant and in which the Supreme Lodge of the World, Loyal Order of Moose, a corporation, and St. Louis Lodge No. 1661 Loyal Order of Moose, a corporation are plaintiffs. Said cause is numbered 85566-B, and a certified copy of the pleadings in said cause is

lodged here. The suit is for injunction, and the amount involved is within our jurisdiction.

On March 12, 1925, in the February Term, 1925, of said court, the plaintiffs and defendants in said cause duly filed the following stipulation, (we omit the caption): "It is hereby stipulated and agreed by and between plaintiffs and defendants that the above entitled cause be transferred by consent to Division No. 14 of the circuit court, city of St. Louis, Missouri." Same is duly signed by counsel who were then and are still attorneys of record for all the parties to the suit. On the same day, counsel for defendants called respondent's attention to the stipulation and asked the court to make the order transferring the cause to Division No. 14. This the respondent refused to do. Counsel for plaintiffs likewise presented said stipulation to the respondent for action, and again respondent declined to transfer the cause under the stipulation. The petition for the alternative writ alleges the importance of the litigation, and sets forth facts to show the inadequacy of a remedy by appeal, and contains other pertinent averments for relief by mandamus.

In the return respondent takes the position that section 1356, supra, has no application to transfers from one division to another division of the circuit court of the city of St. Louis, but that same applies to courts of different counties only. The return further alleges that said court has provided by its rules and practice that a cause may be transferred by consent to any other division of said court having the same character or class of litigation upon the application of both parties to the court, "providing that the judge before whom said cause is so transferred shall consent thereto," and that the consent of the judge presiding in said Division No 14 was required to be obtained under such rule, and that such consent had not been obtained by either party in this cause. It is further stated that the relator has a complete remedy for the transfer of said cause to Division No. 14 by filing an affidavit for change of venue.

In respondent's brief, however, no reference is made to such rule, and the rules of said circuit court brought here by the relator contain no provision requiring consent of the judge before whom the cause is to be transferred, and it seems no such rule exists. In respondent's brief the issue is limited to the sole position that section 1356, supra, providing for removal by consent, does not apply as between the several divisions of the circuit court of the city of St. Louis, for the reason that the rules of the St. Louis Circuit Court make no provision for transfer or assignment of cases except upon changes of venue or the sustaining of a motion for a new trial, and that for that reason respondent is without power to transfer this cause to Division No. 14 on the stipulation.

Section 2619, Revised Statutes 1919, is as follows:

"And in addition to the ordinary power of making rules conferred by the general law, the court may make all rules which its peculiar organization may, in its judgment, require, different from the ordinary course of practice, and necessary to facilitate the transaction of business therein. But all rules for the government of the court at special term shall be the same before each of the judges at such term."

Section 2620 authorizes the court in general term to classify and assign the business thereof among the several judges as may be provided by its rules and orders. It is argued that there is "an intentional omission" from the rules of said court for a transfer such as the relator seeks. It is insisted that section 2619 must be held to be in derogation to the provisions of section 1356, in so far as that section applies to the St. Louis Circuit Court because of the peculiar organization of that court.

Regardless of whether a rule of said circuit court has or has not been adopted for the transfer of cases by consent, we must keep in mind the principle that the court can prescribe only such rules of practice to regulate its proceedings as are in harmony with the law, and

when there is a statute with which a rule of the court conflicts, the rule must fail. [State ex rel. Brockman Mfg. Co. v. Miller, 241 S. W. 920.]

Section 1356 of the statute is as follows:

"If at any time after the commencement of a suit the parties shall agree in writing, duly filed, upon any other county or court of competent jurisdiction, to which they desire the same to be removed, it shall, by order of the court, be removed accordingly to such county or court of competent jurisdiction; and the same proceedings shall be had in all respects for the removal of such cause as are provided by law in changes of venue in civil cases."

The intent of the lawmaker, obviously, was to provide a method by which a change of venue could be obtained by consent, avoiding the necessity of resorting to a challenge of the court by affidavit on statutory grounds when both parties agree to a removal.

Section 1371 of the statutes is as follows:

"The word 'county,' as used in this article, shall be construed to embrace the city of St. Louis; and changes of venue shall be awarded to and from the courts of said city as if it were a county. But if such change be asked and granted from any court in said city, the cause shall be sent for further proceedings to some other court of record in said city, unless the application is based upon grounds applicable to all the judges of said courts therein, or to all the inhabitants of said city; and the several divisions of the circuit court in said city shall be regarded as separate courts within the meaning of this section."

Observably, when dealing with the question of the usual change of venue, each division of the circuit court of said city is to be treated as if each such division were a separate and complete court. If for the purposes of a change of venue each division is a separate court, it follows in reason that section 1356, which allows such removal on the consent of parties, proceeds upon the same hypothesis.

The sixteen divisions of the circuit court of the Eighth Judicial Circuit (the city of St. Louis), are apportioned as between criminal cases; non-jury civil cases, called equity division, and jury-law division, called law division, and cases of domestic relations. Divisions No. 2 and 14 are both equity divisions, and the stipulation for transfer of the instant case is from one to another of the equity divisions, and we are not required to go further than to determine whether the stipulation has any effect as between such divisions.

In Goddard v. Delaney, 181 Mo. 564, 80 S. W. 886, it is held that after a case is assigned to one division of the St. Louis Circuit Court, such division becomes a wholly separate and independent court. It is true that the separableness of the court is there discussed in the light of a somewhat different question. However, the reasoning, we think, is the same, for if it be the law as there expressed, that when a case is assigned to a division of that court, that court becomes an independent court for the purpose of that case, then it seems that each division is a separate court in so far as section 1356 is concerned. In the Goddard case the court said: "When a cause is assigned to a division that division becomes as to that cause a whole court, and has as exclusive jurisdiction of it as a circuit court of an adjoining county has of a cause pending in it." Likewise is the law written in Fenn v. Reber, 153 Mo. App. 219, l. c. 229, 132 S. W. 627, citing State ex rel. v. Eggers, 152 Mo. 485, 54 S. W. 498, wherein it is held that when a case is assigned to a division such division is to be treated as to that case as though the division were a whole court, a unit. [See also, Haehl v. Railroad, 119 Mo. 325, 24 S. W. 737.]

The case of Meierhoffer v. Hansel, 294 Mo. 195, 243 S. W. 131, is cited by respondent. That case, however, is of no influence here, as the law as there declared is simply that rules of the Kansas City Circuit Court may under the statutes applicable to such court make effective rules for assignment of cases, etc., but there was no

question of conflict of the rules with a general statute in-volved in that case.

We do not believe that the fact that the rules of the circuit court make no provision for a transfer such as is allowed by the statute has any effect whatsoever upon the rights conferred by such statute. A rule which would go beyond the statute and narrow the rights of litigants as therein provided would, we think, be invalid. A court cannot make and enforce a rule that would de-prive a party of the right given him by law, or grant-ing that right upon terms more onerous than those fixed by law. [State ex rel. v. Gideon, 119 Mo. 94, 24 S. W. 748; State ex rel. v. Withrow, 135 Mo. 376, 36 S. W. 896, 1036.] We understand section 1356, supra, to mean that the circuit court in the city of St. Louis is given the power to make rules regulating assignments and transfers, but such rules are merely to facilitate the work of the court; to properly apportion the cases between the judges. But we do not understand that such statute is intended to allow such court to make or enforce a rule which will narrow or abridge any right given litigants by the statute law.

Accordingly, we are constrained to hold that sec-tion 1356 is applicable as between the two divisions of the circuit court here involved. It follows, therefore, that our alternative writ should be made permanent. It is so ordered. *Becker* and *Nipper, JJ.,* concur.