BANK OF KENNETT ET AL., APPELLANT, V. COTTON EXCHANGE BANK, RESPONDENT.—72 S. W. (2d) 842.

Springfield Court of Appeals.   June 18, 1934.

*Hal H. McHaney* for appellant.

*Orville Zimmerman* and *Langdon R. Jones* for respondent.

BAILEY, J.—Plaintiffs seek in this action to recover of defendant the sum of $3500 paid by plaintiffs for certain real estate at an execution sale.   The petition was framed upon the theory that the judgment upon which the execution was based was void and there was therefore a total failure of consideration.   The Trial Court sustained a general demurrer to plaintiffs' petition; plaintiffs refused to plead further, whereupon judgment was rendered for defendant and plaintiffs have appealed.

The petition is of great length and there. could be no useful purpose in setting it out in full.   We shall therefore refer to only such portions of the petition as we deem necessary to an intelligent un-

derstanding of the case. It appears from the petition that both plaintiff and defendant banks held notes against a resident of Kennett, Missouri, named M. J. or Mary J. Baldwin, aggregating an amount in excess of the value of property owned by said Mary J. Baldwin, which property consisted of certain real estate in the petition described. Each of the banks, which we shall refer to as plaintiff and defendant herein, sought to recover judgments on their respective notes and both banks had suits pending in the Circuit Court of Dunklin County at the July Term, 1931. In plaintiff's suits, which were three in number, changes of venue was taken by the said M. J. Baldwin and the causes were transferred to the Scott County Circuit Court, where plaintiff obtained judgments on the 21st day of August, 1931, and filed transcripts thereof in the office of the Circuit Clerk of Dunklin County, where the real estate of the said Baldwin was situated.

It is further alleged that the suit of the defendant against the said Mary J. Baldwin was returnable to the July Term, 1931, of the Circuit Court of Dunklin County and that personal service was had in that suit against the defendants therein, Mary J. and Paul Baldwin, more than fifteen days before the first day of the July term of court; "that thereafter on August 7, 1931, said July term of court recessed until September 11, 1931.

"Plaintiffs further state that during the period of adjournment or recess of the Circuit Court of Dunklin County, Missouri, defendant, Cotton Exchange Bank, Paul Baldwin and Mary J. Baldwin filed a petition in the office of the Clerk of the Circuit Court of Dunklin County, Missouri, praying for an order of court removing the cause wherein Cotton Exchange Bank was plaintiff and Paul Baldwin and Mary J. Baldwin were defendants from the Circuit Court of Dunklin County, Missouri, to the Circuit Court of Stoddard County, Missouri, which said last named court was then in session; that attached to said petition was a written stipulation and agreement of the said Cotton Exhange Bank, Paul Baldwin and Mary J. Baldwin agreeing that said cause might be removed as prayed for in said petition and that the same might be set for trial and disposition at the August term, 1931, of the Circuit Court of Stoddard County, to-wit, on August 20, 1931;

"Plaintiffs state that said petition and written stipulation was presented to the Honorable W. S. C. Walker, Judge of the Circuit Court of Dunklin County, Missouri, which said Judge was then engaged in holding court in Stoddard County, Missouri; that on the 19th day of August, 1931, said Judge made an order during the vacation of the Dunklin County Circuit Court, directing the Clerk of the Circuit Court of Dunklin County, Missouri, to transfer the original files in the above mentioned case wherein Cotton Exchange Bank

was plaintiff and Paul Baldwin and Mary J. Baldwin were defendants, from the Circuit Court of Dunklin County, Missouri, to the Clerk of the Circuit Court of Stoddard County, Missouri; that on the next day, to-wit: on August 20, 1931, an alleged judgment was entered in the Circuit Court of Stoddard County, Missouri, in favor of the said Cotton Exchange Bank and against the said Paul Baldwin and Mary J. Baldwin in the sum of Three Thousand One Hundred Forty-five and 97-100 Dollars ($3,145.97), said judgment bearing interest at the rate of eight per cent per annum and an attorney's fee in the sum of One Hundred Fifty Dollars ($150.00) as part of the costs of said proceeding.

"That on the same day, to-wit, August 20, 1931, a transcript of the alleged judgment of the Circuit Court of Stoddard County as aforesaid, was filed in the office of the Circuit Clerk of Dunklin County, Missouri, and recorded in transcript Judgment Record 4 at pages 337-338.

"Plaintiffs further state that on the 23rd day of January, 1932, defendant, Cotton Exchange Bank sued out a general execution from the office of the Clerk of the Circuit Court of Stoddard County, Missouri, returnable to the April term, 1932, of said court under and by virtue of its purported judgment as hereinabove mentioned and set out; that under said execution the defendant, Cotton Exchange Bank caused to be levied upon the property of the said M. J. Baldwin hereinabove described and that Thos. F. Donaldson, Sheriff of Dunklin County, Missouri, published notice of his intention to sell said property on Friday, March 11, 1932, to satisfy said purported judgment, execution and costs."

It is further alleged that thereafter plaintiff in this suit instituted a suit to enjoin the sale of said real estate, the petition in which suit is fully set out in plaintiff's petition herein. It is further alleged that the Circuit Court of Dunklin County, in which the injunction suit was instituted, refused to issue a temporary writ of injunction but dismissed plaintiff's bill. It is further alleged that plaintiff, in order to protect its interests, was compelled to purchase said real estate of the Baldwins at said execution sale and paid to the sheriff the sum of $3570, who paid over that amount to the defendant Cotton State Bank. The petition further states that "the Bank of Kennett received nothing and by virtue of the purported sheriff's deed delivered to Lee Shelton as aforesaid because the judgment under which the execution was issued and the sheriff's deed delivered was void and of no effect; that said judgment was void for the reason that the Circuit Court of Stoddard County, Missouri, never at any time acquired jurisdiction of the cause of action or of the parties plaintiff or defendants in the action whereunder the sheriff of Dunklin County, Missouri, was proceeding in selling the above described

property.; that said suit was never legally lodged in the Circuit Court of Stoddard County, Missouri, and is now pending in the Circuit Court of Dunklin County, Missouri; that the order of the Judge of the Circuit Court of Dunklin County, Missouri, directing the Clerk of the Circuit Court of Dunklin County, Missouri, to transfer said cause from the Circuit Court of Dunklin County, Missouri, to the Circuit Court of Stoddard County, Missouri, was wholly void and of no effect and was not made by order of court as provided by law.''

Wherefore judgment is asked against defendant for the money so paid over by plaintiff.

It is understood that, for the purposes of the demurrer, the facts well pleaded in the petition are to be accepted as true but not conclusions of law. Plaintiffs' assertion that the judgment obtained by defendant in the Stoddard County Circuit Court on the 20th day of August, 1931, is absolutely void, is, of course, a conclusion and not admitted by the demurrer. It is said the judgment is void for the reason that said court never obtained jurisdiction of the case. This contention is bottomed upon the proposition that the order of the judge of the Dunklin County Circuit Court, transferring the cause to Stoddard County, was made in vacation, and is not an order of court as required by Section 906, Revised Statutes of Missouri 1929. The Section referred to reads as follows: ''Sec. 906. Removal of suits by consent.—If at any time after the commencement of a suit the parties shall agree in writing, duly filed, upon any other county or court of competent jurisdiction, to which they desire the same to be removed, it shall, by order. of the court, be removed accordingly to such county or court of competent jurisdiction; and the same proceedings shall be had in all respects for the removal of such cause as are provided by law in changes of venue in civil cases.''

This section became a part of our civil procedure at an early date, although in its original form it did not contain the last clause above set forth requiring the same proceedings as in change of venue cases. [See Laws 1849, p. 77.] Neither was the agreement to transfer originally required to be in writing. The said Section of the law first appeared in the statutes as a part of the Article relating to, ''In what County Suits May Be Brought,'' and only became incorporated in the article concerning Change of Venue in the revision of 1909. We are satisfied, however, that the particular section falls properly under the article relative to Change of Venue for the reason that it simply and effectually provides for a change of venue by consent.

It is conceded that the order transferring this cause from Dunklin County to Stoddard County was made during a period when the Circuit Court of Dunklin County was in vacation. The order is attacked on no other ground and we may assume that in all other

respects it was in proper form. The petition concedes that the agreement for the transfer was in writing and timely made and presented to the judge of the court in vacation. It is urged that since the statute directs that the cause shall be removed "by order of the court," the court must be in session and that the order cannot be made in vacation. In support of this theory plaintiff cites a number of cases dealing with the appointment of special judges by agreement wherein their authority to act nowhere appears in the record. None of those cases refer to the particular statute under consideration and are not persuasive in this case. We agree with the St. Louis Court of Appeals in its conclusion that Section 906 was obviously intended to provide a method for change of venue by consent of the parties, thus avoiding the necessity of resorting to a challenge of the court by affidavit on statutory grounds. [State ex rel. v. Miller, 273 S. W. 122, 1. c. 124, 216 Mo. App. 692.]

We are of the further opinion that the Legislature intended, when the original statute was amended, to provide that all proceedings governing changes of venue in civil cases, should apply to removal of suits by consent in so far, of course, as such proceedings could be made applicable. The last clause, as above set forth, provides that, "the same proceedings shall be had *in all respects* for the removal of such cause as are provided by law in changes of venue in civil cases." Referring to the change of venue law, Sections 910, 911, Revised Statutes of Missouri, 1929, provide that applications for change of venue may be made and the change of venue granted in vacation. Certainly those sections relate to procedure and, if the last clause of Section 906, supra, is to be given its full force and effect, such procedure would apply to removal of causes by written agreement of the parties. It is altogether fit and proper that said sections should so apply. What reason could there be for permitting the judge to grant a change of venue in vacation on an affidavit of prejudice, which the law does permit, but deny him that right where the parties agree to the change for the same reason, per chance, as that which might be contained in such affidavit. No reason for such discrimination is suggested except that the statute does not so provide. To this we do not agree, but take the view that the statute relative to removal of causes by consent, when read as a whole, incorporates the procedure in changes of venue cases and permits such agreements to be filed and acted upon in vacation. In so far as we have been able to discover the particular point has never before been raised in our appellate courts.

We are of the further opinion that, even though the transfer of the cause from the Dunklin County Circuit Court to the Stoddard County Circuit Court may have been irregular, the action was a transitory one and the parties by agreeing to the transfer and permitting the

case to go to trial in Stoddard County would be bound by the judgment in the absence of timely objection and exception. In Collier v. Wilson, 56 Mo. App. 420, it was held that there must be a written order showing the granting of a change of venue from one circuit to another, but that if the court to which the cause was transferred had original jurisdiction of the subject-matter of the suit (which was not true in that case), since the parties had agreed to the tribunal and participated in the trial, it would be treated as an original or new action instituted by consent. It is also held that although a change of venue may be granted contrary to law, if the court to which the cause is transferred is a court having jurisdiction by law over the subject-matter, if the parties agree to the change and submit themselves to the jurisdiction of the court, they are estopped to question the jurisdiction of the trial court over their person. [Hardware Co. v. Riddle, 84 Mo. App. 275.]

To the same effect are the cases of Cook v. Penrod. 129 Mo. App. 377, 108 S. W. 583; Taylor v. R. R. Company, 68 Mo. 397; Montgomery v. Insurance Company, 80 Mo. App. 500. 1. c. 504; State v. Jennings, 134 Mo. 277, 35 S. W. 614; Stearns v. Railroad Company, 94 Mo. 317, 7 S. W. 270.

In the latter case, although the record failed to show any reason or cause for the order changing the venue from Newton to Greene County, our Supreme Court held: "The Newton County Circuit Court had full and complete jurisdiction of the subject-matter of that suit and of the parties thereto. It is a court of general jurisdiction, proceeding according to the course of the common law. It had power to award a change of the venue of the cause; and the logical result of the authorities cited is, that the order had the effect to transfer the cause to the Greene Circuit Court. If made without any cause existing therefor, or upon an insufficient affidavit, or on no affidavit at all, still the order is not a nullity. These are but errors and irregularities, available only to the opposing party by writ of error or appeal sued out from the final judgment in the cause in which the errors were made. They are of no avail whatever to the party against whom they were made in a collateral proceeding like this. It follows that the Greene County Circuit Court had jurisdiction of the suit and of the parties thereto, and the judgment is not void or voidable in a suit like this one, there being no charge of fraud.

We are cited to the cases of Bray v. Marshall, 66 Mo. 123, and Snitjer v. Downing, 80 Mo. 588. In these cases the record disclosed no order transferring the cause, and hence they are not in point here. We find nothing in the case of Fields v. Maloney, 78 Mo. 172, in conflict with what we have ruled in the present case. Besides this,

all the judges now present concur in the dissenting opinion filed in that case.'' [l. c. 321-322.]

The Snitjer and Bray cases, referred to in the foregoing quotation from the Supreme Court's opinion, were also cited in plaintiff's brief herein. In addition to the distinction made by the Supreme Court as to those cases, we find that the action was in ejectment in both of those cases and therefore, the action not being transitory, jurisdiction could not be conferred by agreement of the parties. Those cases are not, therefore, in point here. It is clear that the Stoddard Councy Circuit Court had jurisdiction over the subject-matter in this case and the parties having agreed to the trial before that court, would be estopped to question its jurisdiction. The judgment is not void and therefore is not subject to collateral attack.

In view of what has been said we deem it unnecessary to consider other points raised in the briefs. The judgment of the Circuit Court sustaining the demurrer to plaintiff's petition was correct and the judgment should be affirmed. It is so ordered. *Allen, P. J.,* and *Smith, J.,* concur.