**James H. WADE, Plaintiff-Appellant,**

v.

**Helen WADE, Defendant-Respondent.**

No. 31955.

St. Louis Court of Appeals.

Missouri.

Oct. 19, 1965.

John Grossman, St. Louis, for plaintiff-appellant.

Tremayne, Joaquin, Lay & Carr, Clayton, Hale W. Brown, Kirkwood, for defendant-respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an appeal from an order of the St. Louis County Circuit Court, setting aside a decree of divorce granted to the appellant husband (plaintiff) on July 30, 1963.

The pertinent sequence of events and the dates of those events are as follows:

Petition for divorce filed June 5, 1963; summons thereon issued by the clerk on June 7, 1963; service of summons had upon respondent (defendant) on June 11, 1963 by Sheriff of St. Louis County and return thereon; default and inquiry granted July 19, 1963, and cause set for hearing on July 30, 1963.

On July 30, 1963 the plaintiff appeared in person and by his attorney, and the defendant, although being thrice called, came not and was in default.

The cause was submitted to the court, which found that plaintiff was the innocent and injured party and entered its decree of divorce, awarding to the defendant the care, custody and control of the minor child, Christopher James Wade, born November 21, 1945, with rights of visitation and temporary custody and that defendant have and receive the sum of $20 per week as and for the support of said child.

On August 17, 1963, more than 15 days after the entry of judgment, Respondent (defendant) filed her Motion to set aside default judgment of July 30, 1963. Attached to said Motion was a pleading, called "Defendant's Answer." On October 18, 1963, Respondent's motion to set aside default judgment was overruled. On October 24, 1963, Respondent through other counsel filed a pleading called "Defendant's Motion for New Trial." Attached to said pleading was Defendant's Motion to Set Aside Default Judgment entered on July 30, 1963.

On November 1, 1963, defendant filed her Motion to set aside the judgment, and in the prayer of said Motion defendant requested leave to file her answer and cross-bill; attached to said Motion was defendant's Answer and Cross-bill.

The first paragraph of said Motion sets forth the fact that it was brought and filed under Rule 74.32 of the Rules of Civil Procedure of the Supreme Court, V.A.M.R., and also under the common law provisions for a writ of error coram nobis. In said Motion defendant alleged as a ground for said Motion that Appellant (plaintiff) fail-

ed to follow the provisions of Rule 26–E of the St. Louis County Circuit Court in that neither the Appellant nor his attorney notified Defendant by mail of the date of the trial of the case nor was a copy of such mail notice filed in the cause. Another ground in said Motion was to the effect that plaintiff's petition for divorce, on its face, wholly fails to state a cause of action for divorce or any claim upon which relief could be granted.

It was also alleged that the failure to comply with Rule 26–E and the fact that the petition failed to state a cause of action appeared on the record. Rule 26–E, effective September 1, 1960, is as follows:

"In all default or non-contested domestic relations matters, where defendant is not represented by attorney and service has been other than by publication, it shall be the duty of the attorney for the plaintiff to notify the defendant by mail of the date of the trial, setting a sufficient length of time before such trial date as to afford the defendant an opportunity to appear at such trial, and a copy of said notice shall be filed in the cause; however, said notice shall not be required if the defendant appears for trial or is represented by a duly licensed attorney."

Thereafter, on April 17, 1964, the court sustained defendant's motion to set aside the judgment and, in doing so stated that "Defendant's motion to set aside judgment heretofore filed is sustained and the Court sets aside the judgment heretofore entered in this case on July 30, 1963, and holds same for naught, since an irregularity, patent on its face, appears on the record in this case in violation of Rule 26–E, Rules of the Circuit Court of St. Louis County, Missouri."

Appellant (plaintiff) filed his motion for new trial and to set aside the order of April 17, 1964. On May 1, 1964, the court overruled plaintiff's motion for new trial, and on May 6, 1964, appellant (plaintiff) filed his notice of appeal.

The sole ground mentioned by the Court, in its memorandum setting aside the judgment, was the fact that an irregularity appeared on the face of the record, to-wit, violation of Rule 26–E, St. Louis County Circuit Court Rules.

Appellant contends that the Circuit Court had no authority to adopt and enforce Rule 26–E for the reason that it is in direct violation of the Rules of the Supreme Court and the law applicable to service of notice on defaulting litigants, and that "* * * if the Circuit Court had no authority to adopt the Rule then it follows that there could not be any 'irregularity' on the Record. * * *"

■ The rule making power of the Circuit Court of St. Louis County is governed by § 478.450 V.A.M.S. and Supreme Court Rule No. 50.01. The Supreme Court Rule provides: "* * * trial courts may make rules governing the administration of judicial business if the rules are not contrary to the rules of the Supreme Court, to the Constitution or to statutory law in force." The statute (Section 478.450) provides, among other things, that "Such judges, * * * may in like manner from time to time make such other rules for said court as may be agreeable to the usage and principles of law."

This Rule 26–E requiring a notice to be sent to a defaulting litigant advising him in sufficient time of the trial setting of a case in all default or non-contested domestic relations matters is contrary to Rule 43.01(a) of the Supreme Court and Section 506.100 V.A.M.S., from which Rule 43.01 was promulgated. Rule 43.01(a) provides that "Service of Pleadings and Other Papers—Filing * * * (a) Service—When Required. Every pleading subsequent to the original petition, * * * and every written notice, * * * shall be served upon each of the parties affected thereby, *but no service* need be made on parties in default for failure to appear * * *." (Emphasis Ours.)

Rule 43.01(a) is plain and unequivocal and cannot be construed to mean anything other than that a defendant in default is not entitled to any notice other than the notice given in the original summons, which says: "You are hereby summoned to appear before the above named court and to file your pleading * * * all within 30 days after service of this summons upon you, exclusive of the day of service. *If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.*" (Emphasis Ours.)

■ The trial court, in effect, has held that the plaintiff may not have his case heard in the absence of the service of notice of the setting of the case upon the defendant, who has already defaulted. In other words, the court has adopted a rule of practice which deprives the plaintiff of a right given him by law, or which grants that right upon terms more onerous than those fixed by law. In the case of State ex rel. Paramount Progressive Order of Moose v. Miller, 216 Mo.App. 692, 273 S. W. 122, 124, this Court said: " * * * A rule which would go beyond the statute, and narrow the rights of litigants as therein provided, would, we think, be invalid. A court cannot make and enforce a rule that would deprive a party of the right given him by law, or granting that right upon terms more onerous than those fixed by law. State ex rel. [Plummer] v. Gideon, 119 Mo. 94, 24 S.W. 748 * * *; State ex rel. [Hoffman] v. Withrow, 135 Mo. 376, 36 S.W. 896, 1038. * * *" The more recent case of Puckett v. Swift & Co., Mo.App., 229 S.W.2d 713, 717, is to the same effect.

The law has fixed the rights and duties of the parties with reference to the right to have a case heard, and the duties with reference to the obligation to plead within a certain time. Rule 26–E deprives the plaintiff of that right until and unless he complies with the service of notice, which the law specifically says is not necessary.

The case of Douglas v. Thompson, Mo., 286 S.W.2d 833, cited by respondent is distinguishable from the instant case. The rule involved in that case was held not to be in conflict with the Code.

The order of the trial court setting aside the decree of divorce should be reversed and the cause remanded with directions to reinstate the judgment of July 30, 1963. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the Order setting aside the decree of divorce is reversed and the cause remanded with directions to reinstate the judgment of July 30, 1963.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.